**THE BURKE LAW FIRM**
Timothy J. Burke (SBN #181866)
tim.burke@burke-law-firm.com
1001 Wilshire Boulevard, #2187
Los Angeles, CA 90017
(310) 984-7199 (phone)
(310) 602-6589 (fax)

*Local Counsel for Kamil Kirio and Nada Badr-Kirio and Proposed Liaison Counsel for the Proposed Class*

[Additional Counsel on Signature Block]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., ROBERT J. SCARINGE and CLAIRE MCDONOUGH,<br><br>Defendants. | Case No. 2:24-cv-04566-CBM-JPR<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF KAMIL KIRIO AND NADA BADR-KIRIO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br>Judge:    Consuelo B. Marshall<br>Date:     August 27, 2024<br>Time:     10:00 a.m.<br>Crtrm:    8D |

Kamil Kirio and Nada Badr-Kirio (the "Kirios"), as Trustees of the Kirio Family Trust Dated September 21, 2015, respectfully move this court for appointment as lead plaintiff and approval of their choice of lead counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act").

## PRELIMINARY STATEMENT

Presently pending in this district is the above-captioned securities class action (the "Action"). The Action is brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired Rivian Automotive, Inc. ("Rivian" or the "Company") securities between August 12, 2022 and February 21, 2024, inclusive (the "Class Period"). Plaintiff alleges violations of the Exchange Act by Defendants.

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the "person" that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

The Kirios suffered a substantial financial loss of $1,951,245 on their purchases of Rivian securities during the Class Period. The Kirios believe they have the largest loss of all movants and, thus, the largest financial interest recoverable by the Class. Thus, the Kirios believe they are the presumptive lead plaintiff in the Action.

The Kirios have also made a *prima facie* showing that they satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class and they will fairly and adequately represent the interests of the Class. Like other class

1

members, the Kirios bought Rivian securities during the Class Period and suffered harm from Defendants' alleged misstatements and omissions. The Kirios are also adequate lead plaintiffs. The Kirios are a married couple who are 55 and 57 years old, respectively, and each has invested for over 20 years. The Kirios have a flooring business together and live in California. The Kirios have no conflicts with other Class members and chose qualified counsel. Accordingly, the Kirios satisfy the PSLRA's Rule 23 requirements.

Accordingly, the Kirios respectfully request that they be appointed as Lead Plaintiff, and that their selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and The Burke Law Firm ("Burke Law Firm") be approved as Lead Counsel and Liaison Counsel, respectively.

## SUMMARY OF ALLEGATIONS

Plaintiff alleges that Defendants failed to disclose to investors that: (i) Rivian had overstated demand for its electric vehicles ("EVs"); (ii) Rivian had concealed the negative effect inflation and higher interest rates were having on demand for its EVs; (iii) the number of orders in Rivian's order bank had decreased due to cancellations and other factors; (iv) Rivian was failing to ramp up its production of EVs at the rate it claimed; and (v) all the foregoing was likely to, and did, negatively impact the Company's anticipated earnings and vehicle production targets for 2024.

On February 21, 2024, after the close of trading, Rivian issued a press release announcing its fourth quarter and full year 2023 financial results. As part of these results, Rivian revealed that it planned to produce only 57,000 EVs in 2024, well below the 80,000 EVs expected by analysts. Rivian also revealed an adjusted EBITDA loss of $2.7 billion expected for 2024, versus a $2.59 billion loss expected by analysts, blaming "[e]conomic and geopolitical uncertainties and pressures, most notably the impact of historically high interest rates." Rivian also announced it would cut 10% of salaried staff.

On this news, Rivian's stock price fell $3.94 per share, or 25.6%, to close at $11.45 per share on February 22, 2024.

<strong>ARGUMENT</strong>

**I.  THE COURT SHOULD APPOINT THE KIRIOS AS LEAD PLAINTIFF**

**A.  The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint…the most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)    has either filed the complaint or made a motion in response to an Early Notice;

3

    ii)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

    iii)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, the Kirios meet the foregoing criteria and are therefore entitled to the presumption of being the "most adequate plaintiff" to serve as Lead Plaintiff on behalf of the Class.

**B.    The Kirios Are the Most Adequate Plaintiff**

The Kirios submit that they are presumptively the "most adequate plaintiff" because they have made a motion in response to an Early Notice, believe that they have the largest financial interest in the relief sought by the Class, and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**1.    The Kirios' Motion is Timely**

On May 31, 2024, the Early Notice was published. *See* Burke Decl. Ex. A. Accordingly, putative class members had until July 30, 2024 to file any motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class"). The Kirios have timely filed their Motion in response to the Early Notice. Additionally, the Kirios have filed a sworn certification pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to their review of the complaint in the Action and their willingness to serve

as representatives of the Class, including providing testimony at deposition and trial, if necessary.  *See* Burke Decl. Ex. B. Accordingly, the Kirios satisfy the first requirement to serve as Lead Plaintiff for the Class.

### 2.    The Kirios Believe They Have the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Kirios suffered a substantial loss of $1,951,245 in connection with their Class Period investments in Rivian securities. *See* Burke Decl. Ex. C.  The Kirios are not aware of any other movant that has a greater financial interest than them in the Action.  Accordingly, the Kirios believe they have the largest financial interest in this litigation and is the presumptive "most adequate plaintiff." *Id.*

### 3.    The Kirios Satisfy the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing it otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) ("When ruling on a motion for appointment as lead plaintiff, the main focus is on the typicality and adequacy requirements of Rule 23"). As detailed below, the Kirios readily satisfy the typicality and adequacy requirements of Rule 23.

### i.      The Kirios' Claims Are Typical of Those of the Class

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). The Kirios and all Class members purchased or otherwise acquired Rivian securities, and suffered damages as a result of these transactions due to Defendants' alleged misrepresentations and omissions.  The Kirios' claims arise from the same conduct as those of the other Class members and, thus, satisfy Rule 23's typicality requirement.

### ii.      The Kirios Will Adequately Represent the Class

The adequacy requirement is met if no conflicts exist between the Lead Plaintiff's and the Class' interests, and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (determining whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and whether "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class").

The Kirios are an adequate Lead Plaintiff. The Kirios have identical interests to other members of the Class: to maximize recovery of a financial loss suffered as a result of Defendants' alleged misstatements and omissions.  The Kirios' substantial financial stake in the litigation gives them every incentive to vigorously pursue the interests of the Class.

The Kirios have further demonstrated their adequacy through their selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of

6

securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits.

## II. THE COURT SHOULD APPROVE THE KIRIOS' CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Burke Decl. Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, and the Burke Law Firm as Liaison Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2022, Bernstein Liebhard

7

was listed for the sixteenth consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, the Burke Law Firm is eminently qualified to serve as local counsel. *See* Burke Decl. Ex. E (Firm Résumé of Burke Law Firm).

**CONCLUSION**

For the foregoing reasons, the Kirios respectfully request that this Court: (1) appoint The Kirios as Lead Plaintiff on behalf of the proposed Class; and (2) appoint Bernstein Liebhard and the Burke Law Firm as Lead and Liaison Counsel, respectively, for the litigation.

Dated: July 30, 2024

Respectfully submitted,

**THE BURKE LAW FIRM**

 /s/ Timothy J. Burke
Timothy J. Burke (SBN #181866)
1001 Wilshire Drive, #2187
Los Angeles, CA 90017
(302) 984-7199 (phone)
(302) 602-6589 (fax)
tim.burke@burke-law-firm.com

*Local Counsel for Kamil Kirio and Nada Badr-Kirio and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY  10016
(212) 779-1414 (phone)
(212) 779-3218 (fax)
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Kamil Kirio and Nada Badr-Kirio and Proposed Lead Counsel for the Proposed Class*