HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (Bar. No. 139304)
reed@hbsslaw.com
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

*Liaison Counsel for Proposed Lead Plaintiff*

LABATON KELLER SUCHAROW LLP
Eric J. Belfi (admitted *pro hac vice*)
ebelfi@labaton.com
Francis P. McConville (admitted *pro hac vice*)
fmcconville@labaton.com
Hui Chang (admitted *pro hac vice*)
hchang@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Proposed Lead Plaintiff and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., ROBERT J. SCARINGE, and CLAIRE MCDONOUGH,<br><br>Defendants. | Case No. 2:24-cv-04566-CBM-PVC<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>Date: August 27, 2024<br>Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Hon. Consuelo B. Marshall |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 3

    A.    The Pension Funds Are the "Most Adequate Plaintiff"....................... 3

        1.    The Pension Funds Have the Largest Financial Interest in the Outcome of the Action.......................................................... 4

        2.    The Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements.............................................................. 6

    B.    The Pension Funds Choice of Counsel Should be Approved............. 9

    C.    The Competing Motion Should be Denied ........................................... 9

CONCLUSION.................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borteanu v. Nikola Corp.*,
562 F. Supp. 3d 174 (D. Ariz. 2021) ................................................................. 7, 8

*Bruce v. Suntech Power Holdings Co.*,
No. CV 12–04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13,
2012) ..................................................................................................................... 3, 5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........................................................................ 3, 4, 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9,
2012) .......................................................................................................................... 7

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*,
No. 20-cv-2031 (JSR), 2020 WL 2614703 (S.D.N.Y. May 22,
2020) ........................................................................................................................ 10

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ................................................................................... 9

*Doherty v. Pivotal Software, Inc.*,
No. 3:19-cv-03589-CRB, 2019 WL 5864581 (N.D. Cal. Nov. 8,
2019) .......................................................................................................................... 5

*Hardy v. MabVax Therapeutics Holdings*,
No. 18-cv-01160-BAS-NLS, 2018 WL 4252345 (S.D. Cal. Sept. 6,
2018) ...................................................................................................................... 5, 6

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ............................................................... 4, 5

*Huang v. Depomed, Inc.*,
289 F. Supp. 3d 1050 (N.D. Cal. 2017) ............................................................ 2, 3, 5

*Malriat v. QuantumScape Corp.*,
   No. 3:21-cv-00058-WHO, 2021 WL 1550454 (N.D. Cal. Apr. 20,
   2021)...............................................................................................................4, 5, 9

*McCracken v. Edwards Lifesciences Corp.*,
   No. 8:13–CV–1463–JLS, 2014 WL 12694135 (C.D. Cal. Jan. 8,
   2014).................................................................................................................... 7

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021).........................................................................4, 7, 9

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
   No. 21-CV-08812-JST, 2022 WL 3571995 (N.D. Cal. July 26,
   2022).................................................................................................................... 2

*Schriver v. Impac Mortg. Holdings, Inc.*,
   No. SACV 06-31 CJC RNBX, 2006 WL 6886020 (C.D. Cal. May
   2, 2006).............................................................................................................. 10

*In re SVB Fin. Grp. Sec. Litig.*,
   No. 3:23-CV-01097-JD, 2023 WL 8367938 (N.D. Cal. Nov. 30,
   2023).................................................................................................................... 8

**Rules & Statutes**

Fed. R. Civ. P. 23...............................................................................................*passim*

15 U.S.C. § 78u–4 *et seq.* ..................................................................................*passim*

Presumptive Lead Plaintiff, the Pension Funds,[1] respectfully submit this memorandum of points and authorities, alongside the accompanying Declaration of Lucas E. Gilmore ("Gilmore Decl."), in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel (*see* ECF Nos. 24-26), and in opposition to the competing motion.  *See* ECF Nos. 27-29).[2]

## I.      <u>INTRODUCTION</u>

On July 30, 2024, the Pension Funds moved this Court pursuant to the PSLRA for appointment as Lead Plaintiff and approval of selection of Labaton as Lead Counsel for the Class.  ECF. Nos. 24-26.  On the same day, one other movant filed a similar motion for Lead Plaintiff appointment.  *See* ECF Nos. 27-29.

The Pension Funds, as the movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, are the presumed "most adequate plaintiff" under the PSLRA.   15 U.S.C. § 78u–4(a)(3)(B)(iii).  The Pension Funds—sophisticated, multi-billion-dollar institutions that have dutifully served in a fiduciary capacity for millions of beneficiaries over several decades—sustained substantial losses of approximately ***$36.4 million*** on a LIFO basis on their Class Period transactions in Rivian securities.  Because this amount is approximately ***$34.4 million*** larger than the losses of the only other movant, the Pension Funds have easily satisfied the largest financial interest requirement:

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from the Pension Funds' initial motion and supporting papers.  *See* ECF Nos. 24-26.

[2] In addition to the Pension Funds, the only other lead plaintiff movant was Kamil Kirio and Nada Badr-Kirio (the "Kirios"), as Trustees of the Kirio Family Trust Dated September 21, 2015.  ECF Nos. 27-29.

1

| MOVANT | LOSS[3] |
|---|---|
| NPS | ($34.026.122) |
| Indiana | ($2.350.677) |
| Combined Pension Funds | ($36.376.799) |
| The Kirios | ($1.951.245) |

Critically, both NPS and Indiana each individually have financial losses that far exceed the only other movant. *See* ECF Nos. 26-2, 28-3, & 34-2. Indeed, the losses of Indiana alone are nearly *$400,000 larger* than the losses of the other movant, while NPS' losses are approximately *$32 million larger*. *Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing group of investors because one member alone "has the largest [financial] interest of any movant"); *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 21-CV-08812-JST, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing a group of institutional investors lead plaintiff where one group member "has the largest financial interest standing alone, and it would have achieved lead plaintiff status alone had it sought such appointment").

The Pension Funds also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members. As indicated in the Pension Funds' opening motion papers, and further highlighted in the Joint Declaration attached as Exhibit A to the Gilmore Decl., the Pension Funds are a small, cohesive, and like-minded collaboration of sophisticated institutional investors with significant experience overseeing counsel and acting as fiduciaries, that are willing and able to supervise this litigation. *See* Gilmore Decl. Ex. A ¶¶ 5-12. Prior to filing their motion in this case, representatives of the Pension Funds held a conference call on July 29, 2024 to discuss their leadership of this action to

---

[3] Approximate loss figures taken from each respective movant filed motions. ECF Nos. 24-29 & 34.

2

ensure that it will be litigated in the best interest of all Class members, their shared interests in prosecuting the case in a collaborative manner, and the procedures and protocols to be followed in jointly prosecuting the case. *See id.* ¶ 9; *Depomed, Inc.*, 289 F. Supp. 3d at 1055 (appointing lead plaintiff group); *Bruce v. Suntech Power Holdings Co.*, No. CV 12–04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing group that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"). Simply put, there is no legitimate basis to challenge the Pension Funds' *bona fides* to faithfully and effectively prosecute this case as Lead Plaintiff on behalf of the Class.

As the presumed "most adequate plaintiff," the PSLRA and Ninth Circuit authority require the Pension Funds be appointed as Lead Plaintiff absent "***proof***" that they are atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As no movant has, or will be able to, meet the requisite standard of "***proof***" to rebut the statutory presumption in favor of the Pension Funds, they are entitled to appointment as Lead Plaintiff. Accordingly, the Pension Funds, as the presumed "most adequate plaintiff," respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Labaton as Lead Counsel for the Class.

## II.   ARGUMENT

### A.   The Pension Funds Are the "Most Adequate Plaintiff"

As set forth by the Ninth Circuit, "[t]he 'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729.

> [T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the

3

information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy.

*Id.* at 730 (emphasis in original). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate.") (citation omitted); *see also Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "'more typical' or 'more adequate' . . . [or] would do a better job").

As applied, the Pension Funds respectfully submit that because they hold the largest financial interest of any qualified movant and otherwise satisfy Rule 23's typicality and adequacy requirements, they have satisfied the PSLRA's sequential review process, and are therefore entitled to appointment as Lead Plaintiff.

### 1. The Pension Funds Have the Largest Financial Interest in the Outcome of the Action

The Pension Funds, having suffered approximately ***$36.4 million*** in losses on a LIFO basis as a result of their Class Period purchases of Rivian securities, undisputedly possess the largest financial interest of any movant, both individually and as a group. In assessing financial interest, Courts in this District and this Circuit generally look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Malriat v. QuantumScape Corp.*, No. 3:21-cv-00058-

4

WHO, 2021 WL 1550454, at *3 (N.D. Cal. Apr. 20, 2021) (quoting *In re Nutanix, Inc. Sec. Litig.*, No. 19-CV-01651-WHO, 2021 WL 783579, at *2 (N.D. Cal. Mar. 1, 2021)). "In practice, district courts 'equate financial interest with actual economic losses suffered.'" *Hardy v. MabVax Therapeutics Holdings*, No. 18-cv-01160-BAS-NLS, 2018 WL 4252345, at *3 (S.D. Cal. Sept. 6, 2018) (citation omitted); *Super Micro Comput.*, 317 F. Supp. 3d at 1059 ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (citation omitted).

Here, NPS and Indiana triumph on the fourth and most important factor of approximate losses suffered with a LIFO loss over ***eighteen times*** larger than the other competing movant. Critically, NPS and Indiana, each individually has the largest financial interest of any movant, negating any inference that the two funds were grouped together to aggregate the largest financial interest. *See Depomed*, 289 F. Supp. 3d at 1053 (appointing group of investors as lead plaintiff because one group member "has the largest interest of any movant" and noting that "[o]ther courts have found this sufficient to appoint a group as lead plaintiff") (collecting cases); *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) (appointing a group as lead plaintiff and noting that "[c]ourts in the Ninth Circuit have held that it is not necessary for members of a group to aggregate themselves in order to overcome the largest financial interest requirement if one of the group's members could meet that requirement by itself"); *Suntech Power Holdings Co.*, 2012 WL 5927985, at *3 (appointing group that had the largest financial interest, both as a whole and as to one member individually). Moreover, during the Class Period, the Pension Funds purchased 5,062,356 total Rivian stock shares, 2,697,532 net Rivian stock shares, and made $64,071,842 in net expenditures—each figure far larger than those claimed by the other movant. *See* ECF Nos. 26-2, 28-3, & 34-2.

As such, there can be no credible dispute that the Pension Funds have the "largest financial interest in the relief sought by the class," collectively and individually, and are entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    The Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the Pension Funds easily satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  To overcome the strong presumption entitling the Pension Funds to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in their opening brief, the Pension Funds are typical Class members.  *See* ECF No. 25 at 6.  Like all other Class members, the Pension Funds (1) purchased Rivian securities during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed.  *See MabVax Therapeutics Holdings*, 2018 WL 4252345, at \*6.   As such, the Pension Funds are typical Class representatives.

The Pension Funds also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).   The Pension Funds are sophisticated institutional investors collectively responsible for managing billions in assets and have significant experience acting as fiduciaries and overseeing outside counsel in complex litigation.  *See* ECF No. 25 at 8-9; Gilmore Decl. Ex. A ¶¶ 2-5.  Moreover, the Pension Funds each have dedicated staffs of professionals, including legal professionals, who will ensure the effective oversight of counsel and this litigation,

6

*id.* ¶¶ 2-3, & 9-10, and Indiana has significant experience serving as a PSLRA-appointed lead plaintiff. *See* ECF No. 34-1; Gilmore Decl. Ex. A ¶ 5. The Pension Funds have already taken significant steps to protect the Class. Indiana filed the complaint in the Action., *id.* ¶ 4, and on July 29, 2024, before moving for Lead Plaintiff appointment, the Pension Funds convened a joint conference call to discuss matters such as "procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from our supervision of counsel." *Id.* ¶ 9.

Indeed, the Pension Funds are precisely the type of sophisticated institutional investors that Congress intended to lead securities class actions. Each institution fully understands its obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *Id.* ¶¶ 2-3 & 14; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *5 (N.D. Cal. Jan. 9, 2012) (appointing a group of institutional investors which have "amply demonstrated they will vigorously prosecute the action on behalf of the class"). Courts in the Ninth Circuit routinely appoint small, cohesive groups of institutional investors like the Pension Funds. *See McCracken v. Edwards Lifesciences Corp.*, No. 8:13–CV–1463–JLS (RNBx), 2014 WL 12694135, at *4 (C.D. Cal. Jan. 8, 2014); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "group[s] can serve as lead plaintiff."). Before deciding to collectively move for Lead Plaintiff appointment, the Pension Funds each independently reviewed their counsel's investigation of the allegations in the Action. Gilmore Decl. Ex. A ¶ 6. Further, as noted, prior to making their motion for Lead Plaintiff appointment, the Pension Funds participated in a joint call discussing how they could coordinate managing the Action as Lead Plaintiff. Gilmore Decl. Ex. A ¶ 9; *Borteanu v. Nikola Corp.*, 562 F. Supp. 3d 174, 186 (D. Ariz. 2021) (on remand from the Ninth Circuit,

7

the district court appointed as lead plaintiff a group of three investors that "adequately set out its prosecution procedures and communication mechanisms in its Joint Declaration"); *In re SVB Fin. Grp. Sec. Litig.*, No. 3:23-CV-01097-JD, 2023 WL 8367938, at *2-3 (N.D. Cal. Nov. 30, 2023) (appointing a group of "sophisticated investors" that submitted a joint declaration).

Further, there is no conflict of interest between the Pension Funds' interests and those of the other Class members. To the contrary, the interests of the Pension Funds and other Class members are directly aligned because all suffered damages from their purchases of Rivian securities at prices artificially inflated by Defendants' misconduct. As discussed above, the Pension Funds clearly have a sufficient interest to ensure the vigorous prosecution of this litigation, and have the experience and resources to prosecute this action efficiently and in the best interests of the Class. Thus, the Pension Funds have both the incentive and ability to supervise and monitor counsel.

The Pension Funds have also demonstrated their adequacy through their selection and retention of Labaton as proposed Lead Counsel on behalf of the Class. Labaton is a nationally recognized securities class action law firm with an established track record of achieving substantial recoveries for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale. ECF No. 25 at 10.

In sum, having claimed a financial interest significantly larger than the other movant while also satisfying the typicality and adequacy requirements of Rule 23, the Pension Funds are undisputedly the "most adequate plaintiff" under the PSLRA. As no movant has, or will be able to, rebut this presumption, the Pension Funds are entitled to appointment as Lead Plaintiff.

**B.    The Pension Funds Choice of Counsel Should be Approved**

The Pension Funds have selected the law firm of Labaton as the proposed Lead Counsel for the Class.  "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734.  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).  As discussed in the Pension Fund's opening memorandum, Labaton is a nationally recognized securities class action firm and thus highly qualified to litigate this case under their direct oversight and direction.  *See* ECF No. 25 at 10-11.

**C.    The Competing Motion Should be Denied**

As noted previously, the lead plaintiff review process mandated by the PSLRA is a sequential one, meaning the first movant to satisfy the statutory criteria of unrebutted "most adequate plaintiff" is entitled to appointment.  *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .").  Indeed, "[t]he Ninth Circuit has been clear that the PSLRA does not permit 'the district court [to] engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class.'"  *QuantumScape*, 2021 WL 1550454, at *2 (quoting *Cavanaugh*, 306 F.3d at 729); *see also Mersho*, 6 F.4th at 901 (the most adequate plaintiff must be accepted despite the court expressing "misgivings").  As applied, the Pension Funds are the unrebutted "most adequate plaintiff" in this case.  The Court's inquiry should thus begin and end with the Pension Funds; the competing motion should be denied.

Further, the Kirios have failed to demonstrate that they are sophisticated investors or that they have ***any*** experience overseeing complex litigation, and therefore failed to make the requisite showing of adequacy to support their motion

9

for Lead Plaintiff appointment. *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*, No. 20-cv-2031 (JSR), 2020 WL 2614703, at *3 (S.D.N.Y. May 22, 2020) (declining to appoint a movant which "lack[ed] meaningful litigation experience"); *see also Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC RNBX, 2006 WL 6886020, at *9 (C.D. Cal. May 2, 2006) (declining to appoint a lead plaintiff movant which "may lack experience managing attorneys or litigating securities cases"). Based on their submissions to the Court, the Kiriors are a married couple with a flooring business. ECF No. 29 at 2. The Kiriors' motion papers simply give no indication they have any experience overseeing counsel in complex litigation or have the sophistication and resources needed to do so.

Indeed, the Kirios' relative inexperience and unsophistication are underscored by their falsely claiming that they are "not aware of any other movant that has a greater financial interest than them in the Action," in their initial Lead Plaintiff motion. ECF No. 29 at 5. The very first docket entry in this Action, which included a certification laying out all of Indiana's relevant transactions, shows that Indiana's loss ***substantially exceeded*** the Kirios' loss. ECF No. 1 at 1. Either the Kirios falsely claimed they were not aware of a larger financial interest, or they failed to perform a simple review of the docket and were unaware of Indiana's superior financial interest. Either way, the Class should not be burdened with individual investors lacking the requisite sophistication and resources necessary to effectively and vigorously drive this litigation to ensure maximum recovery on behalf of the Class.

## CONCLUSION

The Pension Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Labaton as Lead Counsel to the Class, and deny the competing motion.

DATED: August 6, 2024          Respectfully submitted,

                                      /s/ *Lucas E. Gilmore*
                                        Lucas E. Gilmore
                               HAGENS BERMAN SOBOL SHAPIRO LLP
                               Reed R. Kathrein (Bar. No. 139304)
                               reed@hbsslaw.com
                               Lucas E. Gilmore (Bar No. 250893)
                               lucasg@hbsslaw.com
                               715 Hearst Avenue, Suite 300
                               Berkeley, CA 94710
                               Telephone: (510) 725-3000
                               Facsimile: (510) 725-3001

                               HAGENS BERMAN SOBOL SHAPIRO LLP
                               Christopher R. Pitoun (Bar. No. 290235)
                               christopherp@hbsslaw.com
                               301 North Lake Avenue
                               Pasadena, CA 91101
                               Telephone: (213) 330-7150
                               Facsimile: (213) 330-7152


                               *Liaison Counsel for Proposed Lead Plaintiff*

                               LABATON KELLER SUCHAROW LLP
                               Eric J. Belfi (admitted *pro hac vice*)
                               ebelfi@labaton.com
                               Francis P. McConville (admitted *pro hac vice*)
                               fmcconville@labaton.com
                               Hui Chang (admitted *pro hac vice*)
                               hchang@labaton.com
                               140 Broadway
                               New York, NY 10005
                               Telephone: (212) 907-0700
                               Facsimile: (212) 818-0477

11

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore

HAGENS BERMAN SOBOL SHAPIRO LLP
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

13