HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (Bar. No. 139304)
reed@hbsslaw.com
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

*Liaison Counsel for Proposed Lead Plaintiff*

LABATON KELLER SUCHAROW LLP
Eric J. Belfi (admitted *pro hac vice*)
ebelfi@labaton.com
Francis P. McConville (admitted *pro hac vice*)
fmcconville@labaton.com
Hui Chang (admitted *pro hac vice*)
hchang@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Proposed Lead Plaintiff and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., ROBERT J. SCARINGE, and CLAIRE MCDONOUGH,<br>Defendants. | Case No. 2:24-cv-04566-CBM-PVC<br><br>CLASS ACTION<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>Date:  August 27, 2024<br>Time: 10:00 a.m.<br>Courtroom:  8D<br>Judge:  Hon. Consuelo B. Marshall |

## I. PRELIMINARY STATEMENT

The PSLRA provides a straightforward and sequential three-step process establishing a presumption that the most adequate plaintiff is the "person or group of persons" with "largest financial interest" that has made a preliminary showing of the typicality and adequacy requirements of Rule 23.[1]  *See In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (determination of which movant receives the presumption is sequential and "should be based on only the movant's pleadings and declarations").  Only after the presumption attaches does the process "turn[] adversarial" and, even then, the presumption may only be rebutted "***upon proof***" of inadequacy or atypicality.  *Id.*

The Pension Funds are the presumptive "most adequate plaintiff" under the PSLRA based on their superior financial interest—having suffered ***$36.4 million*** in losses, ***over eighteen times larger*** than the Kirios, the only other competing movant. ECF Nos. 26-2, 28-3, & 34-2.  Both NPS and Indiana each have larger losses than the Kirios, *id.*, which courts in this Circuit and elsewhere have found dispositive in appointing lead plaintiff groups.  The Pension Funds have provided detailed evidence regarding their origins, cohesiveness, motivations, and ability to oversee counsel and the litigation, which satisfies the typicality and adequacy requirements of Rule 23.  The Pension Funds are therefore the presumptive Lead Plaintiff.

Once the presumption attaches, the "burden" shifts to any movant opposing the presumptive lead plaintiff's appointment to "show inadequacy," *In re Mersho*, 6 F.4th at 901, which requires "***proof***."  *Id.* at 899.  Offering no such proof, the Kirios instead present little more than baseless speculation and incorrect factual assertions that the Pension Funds are a "transparently lawyer-driven group . . . undeniably

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from the Pension Funds' initial motion and opposition.  *See* ECF Nos. 24-26 & 36.  All citations are omitted and emphasis added, unless noted.

1

formed at the eleventh hour by counsel." ECF No. 37 at 2. The Kirios' specious challenge to the Pension Funds' origins, motivations, and capacity to oversee counsel is completely belied by the factual record (*see* Joint Declaration (ECF No. 36-2) and Supplemental Declaration attached as Exhibit A to the Declaration of Lucas E. Gilmore, attached hereto (together, the "Joint Declarations")), which irrefutably confirms that the Pension Funds made an informed decision to seek appointment as Lead Plaintiff, formed this partnership on their own volition, and are in no way controlled by counsel. It is simply not plausible to suggest that NPS and Indiana—professional fiduciary organizations with hundreds of billions of dollars under management and established protocols in vetting, hiring, and managing counsel—could be manipulated by their counsel to serve as Lead Plaintiff in this matter "at the eleventh hour."

As for the Kirios, not only do they have substantially smaller losses than either NPS or Indiana, but thus far have failed to provide ***any evidence whatsoever*** to establish their *bona fides* to oversee a complex securities class action as Lead Plaintiff under the PSLRA. Regardless, their speculative attacks fail to provide "proof" of inadequacy or atypicality, leaving NPS and Indiana as the unrebutted "most adequate plaintiff" in this case. The appointment of two sophisticated institutional investors upon such a record is both plainly appropriate and preferred.

## II.    ARGUMENT

### A.    The Pension Funds Are The Presumptive Lead Plaintiff

The Pension Funds have the "largest financial interest" and have made a *prima facie* showing of their adequacy and typicality, and are thus entitled to the PSLRA's presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Mersho*, 6 F.4th at 899 ("[T]he district court must 'adopt a presumption that the most adequate plaintiff' is the movant with the largest financial interest who 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'").

2

The Pension Funds' loss is over ***$34.4 million larger*** than the Kirios' loss, and both group members each have individual losses larger than the Kirios. *See* ECF Nos. 26-2, 28-3, & 34-2; *see also Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing group of investors because one member alone "has the largest [financial] interest of any movant"). The Kirios' claim that the Pension Funds do not meet the *prima facie* Rule 23 requirements (ECF No. 37 at 2) confuses the PSLRA's procedure and runs afoul of the sequential lead plaintiff process under controlling Ninth Circuit precedent. Courts only consider inadequacy arguments from other Class members ***after*** determining the presumptive most adequate plaintiff. *See In re Mersho*, 6 F.4th at 899. NPS and Indiana, alone and together, have the largest financial interest and, based on their "pleadings and declarations," have made the requisite *prima facie* showing that they are an adequate and typical Class representative. *In re Mersho*, 6 F.4th at 899. Accordingly, the Pension Funds are the presumptive Lead Plaintiff under step two of the PSLRA's three-step process.

**B.    The Kirios Fail to Provide "Proof" To Rebut This Presumption**

Once the presumption attaches, "[t]he next step in the process is for the district court to give the other plaintiffs an opportunity to present evidence rebutting the presumption. . . ." *Cavanaugh*, 306 F.3d at 739. To overcome the strong presumption in favor of appointing NPS and Indiana as Lead Plaintiff, the Kirios must offer "***proof***," not mere speculation, that the Pension Funds are atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Mersho*, 6 F.4th at 899 ("The statute requires proof that the presumptive lead plaintiff is not adequate."). The Kirios' speculative attacks fall well short of the proof necessary to rebut the presumption, and in any event are refuted by evidence already in the record.

### 1.   The Pension Funds Are a Paradigmatic "Group" Under the PSLRA

The PSLRA expressly permits the appointment of a "group" as lead plaintiff, particularly one comprised of institutional investors such as the Pension Funds.  15 U.S.C. § 78u4(a)(3)(B); *In re Mersho*, 6 F.4th at 899 ("The statute expressly allows a 'group of persons' to move for appointment.").   Courts in this District and elsewhere overwhelmingly approve lead plaintiff groups composed of sophisticated institutional investors like NPS and Indiana.  *See Basile v. Valeant Pharms. Int'l, Inc.*, 2015 WL 13652714, at *2 (C.D. Cal. May 5, 2015); *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing a group of institutional investors lead plaintiff where one group member "has the largest financial interest standing alone"); *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *3 (N.D. Cal. Apr. 18, 2022) (appointing a group of two institutions in part based on their "experience as institutional investors").  The Kirios' counsel knows this as they are regularly appointed lead counsel on behalf of lead plaintiff groups.[2]

The Kirios primarily argue that the Pension Funds' application should be denied because the member funds have no prior relationship and were hastily cobbled together by counsel.  *See* ECF No. 37 at 8.  These assertions lack merit and have no basis in law or fact.  As a threshold matter, pre-litigation relationships have ***never*** been required for joint lead plaintiff appointment under prevailing PSLRA jurisprudence.  *See, e.g., McCracken v. Edwards Lifesciences Corp.*, 2014 WL 12694135, at *4 (C.D. Cal. Jan. 8, 2014); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The [PSLRA] contains no requirement mandating that the members of a proper group be 'related' in some manner.").  The Kirios' contention

---

[2] *See e.g., Zerbato v. AlloVir, Inc.*, No. 24-cv-10152 (D. Mass.); *Ouranitsas v. Tupperware Brands Corp.*, No. 23-cv-0511 (M.D. Fla.); *Valdes v. Kandi Techs. Grp., Inc.*, No. 20-cv-6042 (E.D.N.Y.); *Coutinho v. Braskem S.A.*, No. 20-cv-11366 (D.N.J.).

4

that the Pension Funds joined to "secure the largest financial interest" (ECF No. 37 at 4) immediately fails since both NPS and Indiana, individually, have larger losses than the Kirios. *See In re SVB Fin. Grp. Sec. Litig.*, 2023 WL 8367938, at \*2 (N.D. Cal. Nov. 30, 2023) (appointing a group where one group member had the largest loss "standing alone"); *Meta Platforms, Inc.*, 2022 WL 3571995, at \*4 (same). In fact, given the financial disparity, the Kirios' opposition plainly contradicts clear Ninth Circuit guidance suggesting that rejecting any group with the largest individual losses would be "incongruous with the PSLRA's presumption that the investors with the largest stake have the greatest incentive to supervise the litigation closely." *Mersho*, 6 F.4th at 901 n.3.

The Kirios' conclusory challenge to the Pension Funds' origin—and in particular the baseless contention that the constituent members cannot function cohesively and effectively to control counsel (ECF No. 37 at 3)—is completely undermined by the detailed factual records provided by the Pension Funds as well as the actions they have already taken to protect the Class' interests. Specifically, the Pension Funds' Joint Declarations demonstrate that NPS and Indiana will function efficiently and proactively as Lead Plaintiff and leave no doubt that the funds are acting independent of counsel and will continue to control the litigation. These Declarations make clear that each individual fund decided to seek joint leadership over this Action ***only after*** following thorough and comprehensive processes and procedures for considering participation in securities litigation matters (Gilmore Decl., Ex. A ¶¶ 5-9), and most certainly ***not*** some sort of "lawyer-driven rush job" as the Kirios recklessly suggest (ECF No. 37 at 4 n.3).[3] Moreover, unlike

---

[3] For these reasons, each of the cases cited by the Kirios questioning how NPS and Indiana learned of one another (ECF No. 37 at 10-11) are equally unavailing. Here, NPS became aware of Indiana as a potential co-movant because Indiana filed the initial complaint, and ultimately sought to be appointed Lead Plaintiff alongside Indiana both because it filed the complaint and because it was already an experienced Lead Plaintiff. ECF No. 36-2 ¶ 4; Ex. A ¶¶ 8-9. In contrast, no member

5

the Kirios, NPS and Indiana have already taken significant steps to ensure this case is prosecuted in the best interests of the Class through the continued oversight of counsel's proprietary investigation and will continue to do so if appointed as Lead Plaintiff. Gilmore Decl., Ex. A ¶¶ 6-9. The affirmations in both Joint Declarations meet or exceed those found acceptable by numerous courts within this District in appointing similar lead plaintiff groups. *See, e.g.*, *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at \*7 (C.D. Cal. June 11, 2020); *Peters v. Colony Credit Real Est., Inc.*, 2020 WL 11884392, at \*4 (C.D. Cal. Dec. 11, 2020); *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at \*4 (C.D. Cal. Apr. 1, 2019).[4]

The Kirios fail to cite ***a single case*** in their opposition where a group of institutions, with individually larger losses than competing movants, was rejected in favor of individual investors like the Kirios. The court in *In re Cloudera, Inc. Sec. Litig.* rejected a lead plaintiff group where its individual members did not have the largest financial interest among movants, and failed to show it would adequately represent the class. 2019 WL 6842021, at \*5 (N.D. Cal. Dec. 16, 2019). Unlike the group that was rejected in *Cloudera*, NPS and Indiana have demonstrated their ability to work together in the best interests of the Class and have provided clear

---

of the movant group in *Crihfield v. CytRx Corp.*, filed the relevant complaint or had the largest individual loss. 2016 WL 10587938, at \*4 (C.D. Cal. Oct. 26, 2016). Similarly, the group of unsophisticated individual investors in *Ali v. Intel Corp.*, lacked the requisite cohesion demonstrated by the Pension Funds and, more importantly, did not even have the largest financial interest. 2018 WL 2412111, at \*2-3 (N.D. Cal. May 29, 2018).

[4] The Kirios also wrongly suggests that the Pension Funds are inadequate because they have "two members" and have not publicly disclosed a specific mechanism for resolving disagreements. ECF No. 37 at 16. Not so. As explained in the Joint Declarations, NPS and Indiana have implemented a clear and logical decision-making structure with established procedures and set communication protocols in order to facilitate future discussion with—and without—counsel. *See* ECF No. 36-2 ¶ 9; Gilmore Decl., Ex. A ¶¶ 10-11. *Meta Platforms, Inc.*, 2022 WL 3571995, at \*3 (appointing a group of two institutions that submitted a declaration stating they "plan 'to engage in thorough discussion with each other and our counsel to come to a resolution' if disputes arise" and finding the fact that the group had only two members "'provides additional assurance that the [group] itself, and not its attorneys, will control the litigation'").

6

evidence that each respective institution, and not counsel, was the driving force behind their partnership and joint motion. Similarly, the court in *International Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.* rejected a group of institutions where none of its individual members had a loss larger than another institutional movant. 2015 WL 7018024, at *3-4 (S.D.N.Y. Nov. 12, 2015). The balance of the Kirios' proffered authority confirms the unremarkable proposition that district courts have expressed skepticism towards **unsophisticated individual investors** thrust upon each other by counsel to manufacture the largest loss—**not** a cohesive group of institutional investors. For instance, this Court rejected a group of individual investors in *Burns v. UP Fintech Holding Ltd.*, where none of the requisite group members "individually ha[d] a greater financial interest than all other movants seeking to be appointed as lead plaintiff." 2024 WL 387261, at *3 (C.D. Cal. Jan. 30, 2024).[5]

Finally, the Kirios' perfunctory swipe at Indiana for serving as lead plaintiff in more than five securities class actions in three years (ECF No. 37 at 16-17) is similarly without merit. As the Kirios acknowledge, courts frequently waive that requirement (*id.* at 17) particularly for institutional investors such as Indiana. *See Homyk v. ChemoCentryx, Inc.*, 2022 WL 20299962, at *3 (N.D. Cal. Jan. 28, 2022) ("[C]ourts . . . routinely waive this 'five-in-three' restriction for institutional

---

[5] *See also In re Origin Materials, Inc.*, 2023 WL 8698363, at *2 (E.D. Cal. Dec. 15, 2023) (rejecting lead plaintiff group composed of investor fund and individual that did not share the same counsel); *Isaacs v. Musk*, 2018 WL 6182753, at *2-3 (N.D. Cal. Nov. 27, 2018) (stating that "a pre-litigation relationship amongst group members is not required" and rejecting a group composed of individuals and entities in part because of the individuals' history); *Haideri v. Jumei Int'l Holding Ltd.*, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) (appointing institution over group of individuals and noting that the group had not provided a declaration in its initial motion, opposition, or reply); *Perez v. HEXO Corp.*, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (rejecting individual retail investor); *Lako v. Loandepot, Inc.*, 2022 WL 1314463, at *6 (C.D. Cal. May 2, 2022) (rejecting group of individual investors); *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *3 (S.D.N.Y. Mar. 27, 2019) (same); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835-36 (N.D. Cal. 2019) (rejecting group of individuals and group consisting of an individual and a hedge fund).

investors."). The Kirios fail to provide any proof that Indiana lacks the resources to serve as Lead Plaintiff. Mere speculation falls well short of the "proof" required to rebut the Lead Plaintiff presumption. *See Rasella v. Musk*, 342 F.R.D. 74, 83 (S.D.N.Y. 2022) (rejecting a similar argument where challenger offered nothing "other than the number of [other] litigations in which" the institution was involved).

In sum, the Kirios' adequacy-related challenges against the Pension Funds are exactly the type of fanciful musings courts nationwide reject as insufficient to rebut the presumptive movant's status under the PSLRA. *See Mersho*, 6 F.4th at 902 (rejecting analysis based "only on speculation"). The idea that either NPS or Indiana could be manipulated by their counsel in this matter is entirely speculative and completely undermined by the evidence in the record and good common sense. In actuality, the Pension Funds' partnership should be viewed as beneficial for the Kirios and the rest of the Class since cohesive lead plaintiff partnerships such as NPS and Indiana "best protect[] the interests of the class; and give[] the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." 7 William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 22:36, n.11 (5th ed. 2016). The Kirios' challenge to this partnership should be rejected.[6]

### 2. Filing the Joint Declaration with the Opposition Brief is Entirely Appropriate

The Kirios make much of the fact that the Pension Funds "submitted no declaration with its initial motion." ECF No. 37 at 8. However, any credible reading of the Pension Funds' initial motion and Joint Declarations indicate the detailed involvement with the Action and oversight of counsel from both funds *well before*

---

[6] The Kirios also note that there was a clerical error in Indiana's certification filed with the motion for Lead Plaintiff appointment. ECF No. 37 at 10 n.4. Courts in this District find that minor errors in a certification do not preclude lead plaintiff appointment. *Blake v. Canoo Inc.*, 2022 WL 599504, at *7 (C.D. Cal. Feb. 18, 2022). Any concerns related to the error in Indiana's certification are further assuaged by the fact that Indiana filed a certification detailing its full list of transactions with the complaint. ECF No. 1-1.

8

the Lead Plaintiff motions were filed.  Had the Kirios' counsel conferred in good faith with counsel to the Pension Funds prior to filing an opposition, these speculative attacks carelessly lodged in the opposition brief could have been resolved quickly.  Instead, the Pension Funds are now required to respond to the Kirios' slipshod arguments instead of solely concentrating on driving the litigation forward, all to the detriment of the Class.

Technically, there is no requirement to file a joint declaration with a motion for lead plaintiff appointment under the PSLRA.  *See*  15 U.S.C. § 78u–4(a).  Courts in this District and elsewhere frequently consider declarations filed by lead plaintiff movants after their initial motions in determining lead plaintiff appointment.  *See Canoo Inc.*, 2022 WL 599504, at *5 ("Even if [movant's] initial submission lacked sufficient information to make this determination, he submitted a supplemental declaration [providing the relevant information.]"); *Robb v. Fitbit Inc.*, 2016 WL 2654351, at *5 (N.D. Cal. May 10, 2016) (considering information contained in "supplemental declaration" in deciding to appoint a group of investors lead plaintiff). Cases cited by the Kirios do not hold otherwise.  In *Schriver v. Impac Mortgage Holdings, Inc.*, the court rejected the offer from a group (which movants formed *after* their initial motions) to provide supplemental briefing after a hearing, not in their opposition papers.  2006 WL 6886020, at *8 n.10 (C.D. Cal. May 2, 2006). Further, any concerns with the fact that the Pension Funds' Joint Declaration was filed after the initial motion are assuaged by the fact that the Pension Funds held a joint call *prior* to that initial motion (ECF No. 36-2 ¶ 9) and the fact that the Pension Funds' initial motion described both this call and the funds themselves.  ECF No. 25 at 8-9.  That the Pension Funds *filed* their Joint Declaration with their opposition brief is functionally irrelevant.

The Kirios' reliance on the *In re Spectrum Pharmaceuticals, Inc.* case (ECF No. 37 at 9), and the arguments the Pension Funds' counsel made during that

proceeding, are misplaced. That case not only predates *Mersho*, which reaffirmed that lead plaintiff groups are allowed in this circuit, but more importantly involved a group of unsophisticated individual investors, none of which individually had the largest financial interest, and is therefore entirely distinct from the circumstances surrounding the Pension Funds' motion in this matter. *See In re Spectrum Pharms., Inc.*, 2014 WL 1394162, at *3 (D. Nev. Mar. 20, 2014).

### C.    The Kirios' Motion Must be Denied

The Kirios plainly do not qualify as the "most adequate plaintiff" by virtue of their inferior financial interest. The Court's inquiry should thus begin and end with the Pension Funds. And while the Court need not, and should not, engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class, *see Malriat v. QuantumScape Corp.*, 2021 WL 1550454, at *2 (N.D. Cal. Apr. 20, 2021) (quoting *Cavanaugh*, 306 F.3d at 729)), the Pension Funds and the Court ***know nothing about*** the Kirios' ability to oversee counsel in prosecuting a complex securities class action. *See Impac Mortg. Holdings, Inc.*, 2006 WL 6886020, at *9 (declining to appoint a lead plaintiff movant which "may lack experience managing attorneys or litigating securities cases"). It strains credulity to suggest that individual investors with no known fiduciary experience should unseat multi-billion-dollar institutional investors with prior experience serving as court-appointed PSLRA lead plaintiffs. The Kirios' motion should be denied.

### CONCLUSION

For the reasons discussed above and in prior briefs, the Pension Funds respectfully request that the Court grant their Motion and deny the competing motion.

DATED: August 13, 2024            Respectfully submitted,

                                  /s/ *Lucas E. Gilmore*
                                  Lucas E. Gilmore

10

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (Bar. No. 139304)
reed@hbsslaw.com
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

HAGENS BERMAN SOBOL SHAPIRO LLP
Christopher R. Pitoun (Bar. No. 290235)
christopherp@hbsslaw.com
301 North Lake Avenue
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152


*Liaison Counsel for Proposed Lead Plaintiff*

LABATON KELLER SUCHAROW LLP
Eric J. Belfi (admitted *pro hac vice*)
ebelfi@labaton.com
Francis P. McConville (admitted *pro hac vice*)
fmcconville@labaton.com
Hui Chang (admitted *pro hac vice*)
hchang@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

11

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL CASE NO. 2:24-cv-04566-CBM-PVC

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore

HAGENS BERMAN SOBOL SHAPIRO LLP
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

12