**EXHIBIT B**

William M. O'Mara (Nevada Bar No. 0837)
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty St.
Reno, Nevada  89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082
Email: bill@omaralaw.net

*Local Counsel*

Christopher J. Keller
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: ckeller@labaton.com

*Counsel for Arkansas Teacher Retirement
System and Proposed Lead Counsel for the Class*

(*Additional counsel appear on signature page*)

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOHN PERRY and JUDITH GREENBERG, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) Case No. 2:13-CV-00433-LDG-CWH |
| Plaintiffs, | ) ) (Base File) ) ) |
| vs. | ) ) ) |
| SPECTRUM PHARMACEUTICALS, INC., *et al.*, | ) ) ) |
| Defendants | ) ) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE MOTION OF ARKANSAS TEACHER RETIREMENT SYSTEM
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

On May 13, 2013, Arkansas Teacher Retirement System ("Arkansas Teacher") filed a motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), requesting an order: (1) consolidating two additional actions with the above-captioned action;[1] (2) appointing Arkansas Teacher as Lead Plaintiff for a proposed class (the "Class") consisting of all purchasers of the securities of Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company") between August 8, 2012 and March 12, 2013, inclusive (the "Class Period"); and (3) approving Arkansas Teacher's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class.

Eight other movants filed competing motions on that date: (1) Yong Kwon, Ray Defelice, and Yongtong Lan (styled "the SPPI Group"); (2) the Sector Funds; (3) the Maraskovsky Group; (4) Leonid Farbman; (5) Qi Gao; (6) the Cohen Family; (7) Ali Albayrak; and (8) Marc Wachsberg. Movants Farbman and Gao subsequently withdrew their motions seeking appointment. *See* Dkt. Nos. 51, 52.

Arkansas Teacher respectfully submits this memorandum in further support of its motion and in opposition to the competing motions.

## I. PRELIMINARY STATEMENT

The Court should deny the motion of the SPPI Group, which claims the largest financial interest in this litigation only by improperly aggregating the losses suffered by three individual investors with no pre-existing relationship and no explanation for how they came to meet one

---

[1] On May 3, 2013, Defendants moved the Court for consolidation of *Skene v. Spectrum Pharms.*, No. 3:13-cv-175 (D. Nev.) and *Rubin v. Spectrum Pharms.*, No. 3:13-cv-212 (D. Nev.) with the above-captioned action (together, the "Action"). Dkt. No. 15. On May 7, 2013, the Court issued an order approving the consolidation. Dkt. No. 50.

another.  Even if the Court were to countenance such a combination, and it should not, the SPPI Group cannot claim the largest financial interest in this litigation, because none of its constituent members have a loss larger than that of Arkansas Teacher.

The SPPI Group is also unable to meet the adequacy requirements set out in Federal Rule of Civil Procedure 23 ("Rule 23").  Courts give close scrutiny to the manner in which lead plaintiff groups are formed, and are especially reluctant to appoint a group represented by a law firm that has issued an open invitation in an effort to recruit investors with large losses.  Here, the SPPI Group's selection for lead counsel sought plaintiffs for this litigation by issuing a press release explicitly seeking investors with large losses in Spectrum stock, conduct that runs afoul of the goal of the Private Securities Litigation Reform Act ("PSLRA") to discourage attorney-driven litigation.

On the other hand, the appointment of Arkansas Teacher would not only comport with the requirements of Rule 23 and the intent of the PSRLA, it would also ensure that the individual movant with the largest financial interest in the Action represents the Class.  As demonstrated in the chart below, Arkansas Teacher has the largest individual loss of any movant that has sought appointment as lead plaintiff:

| Movant | Loss (LIFO) |
| --- | --- |
| Arkansas Teacher | $767,251 |
| Yong Kwon (SPPI Group member) | $404,655 |
| Ray Defelice (SPPI Group member) | $151,696 |
| Yongtong Lan (SPPI Group member) | $253,833 |

3

| | |
|---|---|
| Sector Funds | $403,645 [2] |
| Maraskovsky Group | $217,618 |
| Farbman | $136,062 |
| Gao | $148,060 |
| Cohen Group | $63,614 |
| Albayrak | $22,626 |
| Wachsberg | $9,509 |

Arkansas Teacher's loss exceeds that of Kwon, the next largest individual seeking appointment by $362,596, or more than 89.6 percent.

The Court should give no weight to the SPPI Group's contention that Arkansas Teacher's past success in obtaining recoveries on behalf of injured investors means that it is the kind of "professional plaintiff" the PSLRA intends to discourage. Little more than a year ago, a court in this Circuit explicitly rejected an identical attack on Arkansas Teacher, holding that such a claim "misapprehends both the spirit and the letter of the PSLRA."[3] Consequently, Arkansas Teacher is the "most adequate" movant and the only movant that the Court can be confident will best safeguard the interests of the Class.

---

[2] The Sector Funds also allege a loss of $413,104 pursuant to the first-in-first-out, or FIFO, methodology.

[3] *In re Netflix, Inc. Sec. Litig.* (*Netflix*), No. 12-cv-0225-SC, 2012 WL 1496171, at *4 (N.D. Cal. Apr. 27, 2012).

4

## II.   ARGUMENT

### A.   The SPPI Group Does Not Have the Largest Financial Interest in this Litigation

While the PSLRA permits "groups" of class members to serve as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), it does not automatically entitle members of such groups to aggregate their losses in pursuit of the largest financial interest in an action. Because there are multiple reasons why the Court should decline to aggregate the losses of the constituent members of the SPPI Group, and because Arkansas Teacher has larger losses than any other individual movant seeking appointment, the Court should conclude that the SPPI Group has not demonstrated the largest financial interest in this litigation.

#### 1.   The Members of the SPPI Group Are Unrelated

Courts in this Circuit have long recognized that the PSLRA's goal of discouraging lawyer-driven litigation is undermined by allowing "lawyers to designate unrelated plaintiffs as a group and aggregate their financial stakes because such practice would allow and encourage lawyers to direct the litigation." *Niederklein v. PCS Edventures!.com, Inc.*, No. 10-cv-00479, 2011 WL 759553, at 4-5 (D. Idaho Feb. 24, 2011). Accordingly, "courts in this circuit uniformly refuse to aggregate losses of individual investors with no apparent connection with each other aside from their counsel." *Netflix*, 2012 WL 1496171, at *4.

In *Netflix*, as here, the court was tasked with weighing competing motions submitted by Arkansas Teacher and by a group of individual investors which claimed losses larger than those of Arkansas Teacher, but whose members had no previous relationship with one another. In its order appointing Arkansas Teacher and rejecting the aggregated losses proffered by the group,

5

the court cited *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1074 (W.D. Wash. 2011),

explaining:

> The rationale of courts in declining to appoint a group of unrelated persons as lead
> plaintiff varies widely. Some courts focus primarily on the underlying purposes of
> the PSLRA, which is to prevent lawyer-driven litigation, and which is
> undermined by allowing lawyers to designate unrelated plaintiffs as a "group" and
> aggregate their financial stakes because such a practice would allow and
> encourage lawyers to direct the litigation. Other courts have explained that one of
> the principal purposes of the PSLRA is to allow for institutional plaintiffs with
> big financial stakes and expertise in the area to serve as lead plaintiff and control
> the litigation. Other courts have found that unrelated groups of individuals,
> brought together solely for the purpose of aggregating their claims in an effort to
> become the presumptive lead plaintiff fail to meet the adequacy prong of Rule 23.
> Irrespective of whether courts reject the formulation because it is contrary to
> legislative intent or because it fails under Rule 23, the analysis and results are the
> same because acting contrary to the purposes of the PSLRA, which was designed
> to benefit class members, would also threaten the interests of the purported class.

*Netflix*, 2012 WL 1496171, at 4 (citations omitted).

The Court has no reason to depart from this sound analysis in this case. The SPPI Group,

even with the benefit of a Joint Declaration filed after the submission of its motion for

appointment,[4] provides the Court with no evidence of any preexisting relationship between its

members, none of whom are institutional investors. While the Joint Declaration submitted by the

Group asserts that members chose to join the group after extensive questioning and negotiation

with counsel (*see* Joint Decl., at ¶ 4), it is conspicuously silent regarding how the group members

came to meet one another.

There is ample evidence in the public record to suggest how this initial meeting may have

come about. Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), the firm selected by the

SPPI Group to serve as lead counsel, issued a series of press releases seeking Spectrum investors

---

[4] Dkt. No. 55-1, Joint Declaration in Support of SPPI Investor Group's Motion to Appoint Lead
Plaintiff and Approve Selection of Lead Counsel and Liaison Counsel ("Joint Decl.").

with large losses.  One release that was published on *Business Wire* and appeared on Hagens Berman's own web site stated in relevant part:

> Investors who suffered losses greater than $100,000 in the stock are encouraged to contact Hagens Berman Partner Reed Kathrein, who is leading the firm's investigation, by emailing SPPI@hbsslaw.com or calling 510-725-3000.

*See 21 Days Remain before May 13, 2013, Lead Plaintiff Deadline in Investor Lawsuit against Spectrum Pharmaceuticals, Inc.* (the "Press Release"), *Business Wire*, Apr. 23 2013, attached as Exhibit A to the Declaration of Michael W. Stocker (the "Stocker Decl."), submitted herewith. Notably, the certifications filed by Defelice and Lan both follow Hagens Berman's announcement:  Hagens Berman's Press Release was published on April 23, 2013; Defelice executed his certification on May 3, 2013; Lan executed his/her certification on May 7, 2013.

Courts have repeatedly rejected attempts to aggregate losses from individual investors assembled by counsel.   In *Netflix*, the court rejected the aggregation of losses by a group that was found to have "made no showing of former ties" with "all signs point[ing] to the [G]roup having been recruited by [a] law firm." *Netflix*, 2012 WL 1496171, at *4.   The court in *Netflix* held that the group's failure to produce evidence to the contrary was tantamount to an admission regarding the group's formation and lack of prior relationship. *Netflix*, 2012 WL 1496171, at *4.

Similarly, in *Eichenholtz v. Verifone Holdings, Inc.*, the court rejected a movant group which had filed a joint declaration but had "not shown how and when they were joined together," concluding that "ignoring the basis of the group formation and appointing a group of unrelated investors undercuts the primary purpose of the PSLRA:  to eliminate lawyer-driven litigation." *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-06140, 2008 WL 3925289, *8-9 (N.D. Cal. Aug. 22, 2008).

7

Here, the SPPI Group's Joint Declaration lacks any discussion of a prior relationship or the manner in which the SPPI Group was formed. Under such circumstances, the Court should decline to aggregate the losses of group members. *Frias*, 835 F. Supp. 2d at 1074 (declining to aggregate losses of a group that "admit[ted] that they had no pre-litigation relationship and that they were introduced by counsel.").

### 2. No SPPI Group Member Claims the Largest Individual Loss

The fact that Arkansas Teacher has the largest losses of any individual investor seeking appointment also weighs heavily against aggregation of the losses of SPPI group members. Courts especially disfavor group movants that do not include the individual investor with the largest losses. In *In re eSpeed, Inc. Securities Litigation* the court specifically held that "a group of unrelated investors should not be considered as lead plaintiff when that group would displace the institutional investor preferred by the PSLRA." *In re eSpeed, Inc. Sec. Litig.,* 232 F.R.D. 95, 98-99 (S.D.N.Y. 2005); *see also Hufnagle v. Rino Intern. Corp.*, No. 10-cv-8695, 2011 WL 710676, at *2 (C.D. Cal. Feb. 16, 2011) (citing *eSpeed*); *Porzio v. Overseas Shipholding Grp.*, No. 12-cv-7948, 2013 WL 407678, at *3 (S.D.N.Y. Feb. 01, 2013) (citing *eSpeed*).

Similarly, in *Frias*, the court reasoned that:

> [t]he fact that a group can band together to adequately represent the class, however, does not mean that it is appropriate to aggregate their losses for purposes of surpassing the financial interests of any of the other applicants. . . . Here, however, no one member of the [G]roup can claim the status of having the largest financial interest in the litigation.

*Frias*, 835 F. Supp. 2d at 1073-74 (citations omitted); *see also Sabbagh*, No. 10-cv-414, 2010 WL 3064427, at *7 (W.D. Wash. Aug. 10, 2010) (holding that presence of largest loss among group is indicative of legitimate formation).

8

Courts in this District have expressed the same reasoning, consistently appointing the single institutional investor with the largest loss to represent shareholders, whether individually or as a group member.  *See, e.g., Las Vegas Sands*, 2010 WL 3522278, at *3 (appointing institutional investor group including largest individual loss); *Shuffle Master*, 2007 WL 4262723, at *2 n. 2 (same).  Because Arkansas Teacher is the movant with the largest individual loss, it, and not the SPPI Group, should be appointed lead plaintiff.

### 3. Authority Cited by the SPPI Group Supports Arkansas Teacher's Claim

The case law cited by the SPPI Group in its Memorandum in Opposition, only bolsters Arkansas Teacher's claim.  *See* Mem. of SPPI Grp. in Opp. to Competing. Mots. at 6-7 (Dkt. No. 53).  In *In re Versata, Inc., Securities Litigation*, a case nearly 13 years old, the court appointed a movant group that included both:  (1) a member with a functionally equivalent loss as that of the next competing movant; and (2) a large, institutional investor. The *Versata* court specifically noted that this member's "institutional status is given great weight in assessing its adequacy as a plaintiff; Congress intended that the lead plaintiff procedures under the PSLRA would encourage institutional investors to take a more active role in securities class action lawsuits." *In re Versata, Inc., Sec. Litig.*, No. 01-cv-1439, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (internal quotation omitted).  Here, the SPPI group can claim neither the largest individual loss nor a member that is an institutional investor.

The reliance of the SPPI Group on *Sabbagh v. Cell Therapeutics, Inc.* is equally misplaced.  The court in *Sabbagh* observed "that courts have long been wary of artificially constructed plaintiff groups which assemble for no purpose other than qualifying as lead plaintiff." *Sabbagh*, 2010 WL 3064427, at *6 (quoting *Frias*).  As a result, the *Sabbagh* court

appointed a movant group that: (1) included the member that held the largest individual financial interest in that action; and (2) specifically found that the movant group had provided information regarding "pre-existing relationships among [its members and] an explanation of how it was formed." *Id*. (internal quotation omitted). The SPPI Group, however, meets none of the standards.[5]

### B.    The SPPI Group does Not Meet the Adequacy Requirement of Rule 23

Even if the SPPI Group was able to demonstrate the largest financial interest in this litigation, and it cannot, it does not meet the adequacy requirement set out in Rule 23. Courts are required to reject lead plaintiff applicants that demonstrate the largest financial interest in a case, but who are unable to meet the requirement that they be an adequate representative for the putative class. *See, e.g., Netflix*, 2012 WL 1496171, at *5 ("even if the Court were to aggregate the [proposed g]roup members' individual claims, the [g]roup would not satisfy the PSLRA's typicality requirement").

Here, the SPPI Group's provenance as a lawyer-driven agglomeration of individual investors casts doubt on the ability of the Group to independently monitor and supervise the

---

[5] Even if this Court were to permit the SPPI Group to aggregate its losses, the resulting financial interest would not be materially different from that of Arkansas Teacher. Arkansas Teacher suffered a loss only 5.6 percent less than the aggregated losses of SPPI Group members. Courts commonly recognize that a *de minimis* difference between movants' losses should not determine the important procedural step of selecting a class representative. *See, e.g., Borenstein v. Finova Group*, No. Civ. 00-619PHXSMM, 2000 WL 34524743, at *8 (D. Ariz. Aug. 28, 2000) ("Congress surely did not intend that a difference of a few thousand dollars, in either direction, in inherently speculative damages claims would be dispositive of the lead plaintiff determination."); *see also In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y 2006) (finding movant with $2.3 million in alleged losses and another movant with $1.9 million in alleged losses deemed to have "roughly equal damages.").

10

activity of its chosen counsel.  In *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001), the

Third Circuit Court of Appeals highlighted this serious concern:

> If, for example, a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner.

*Id*. at 267.

The efforts by the Hagens Berman firm not only to seek out Spectrum investors, but to

specifically identify investors with large losses underscores their focus on assembling a group

tailor-made to prevail on a lead plaintiff motion.  Accordingly, the SPPI Group are unlikely to

serve as adequate representatives for the Class.

### C.     Arkansas Teacher is the "Most Adequate" Plaintiff Pursuant to the PSLRA

Arkansas Teacher is the only movant that satisfies all of the pre-requisites of the PSLRA:

Arkansas Teacher holds the largest financial interest in the Action and is a qualified class

representative in accordance with the typicality and adequacy requirements of Rule 23.  Further,

Arkansas Teacher fulfills the well settled intent of the lead plaintiff provision of the PSLRA,

which the Supreme Court has noted is "aimed to increase the likelihood that institutional

investors—parties more likely to balance the interests of the class with the long-term interests of

the company—would serve as lead plaintiffs." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

U.S. 308, 321 (2007).

#### 1.     Arkansas Teacher Has the Largest Financial Interest in the Action

As set forth in the chart above, Arkansas Teacher's loss on its investment in Spectrum

stock significantly exceeds that of any competing individual movant.  As a result, Arkansas

Teacher is entitled to the status of presumptive lead plaintiff pursuant to the PSLRA. Courts in this District and Circuit have consistently appointed the movant with the single largest loss, whether individually or as part of a group. *See, e.g., Fosbre v. Las Vegas Sands Corp.* (*Las Vegas Sands*), No. 2:10-cv-00765-KJD-LRL, 2010 WL 3522278, at \*3 (D. Nev. Aug. 31, 2010) (appointing institutional investor group including largest individual loss); *Stocke v. Shuffle Master, Inc.* (*Shuffle Master*), No. 2:07-cv-00715-KJD-RJJ, WL 4262723, at \*2 n. 2 (D. Nev. Nov. 30, 2007) (same); *see also, Sabbagh*, 2010 WL 3064427, at \*7 (specifically noting that the presence of the largest loss among a group is indicative of legitimate formation). In the case at hand, the Court has no reason to depart from this precedent, and should appoint Arkansas Teacher as lead plaintiff.

### 2. Arkansas Teacher Satisfies Rule 23's Typicality and Adequacy Requirements

As detailed in its opening brief, Arkansas Teacher has an established track record of successfully managing and prosecuting securities class actions. *See* Mem. in Supp. of Mot. of Arkansas Teacher ("Arkansas Teacher Opening Br.") at 11-12 (Dkt. No. 42) (setting forth selected lead plaintiff successes of Arkansas Teacher). There are no legitimate grounds to challenge Arkansas Teacher's typicality or adequacy, let alone the stringent type of "proof" required to rebut this presumption. *See In re Cavanaugh*, 306 F.3d 726, 730 n. 2 (9th Cir. 2002) ("That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof.'").

This District has clearly expressed its preference for institutional lead plaintiffs such as Arkansas Teacher in accord with the PSLRA by consistently appointing institutional investors

with experience discharging fiduciary duties and securing recoveries on behalf of defrauded investors to serve as lead plaintiffs. *See, e.g., Las Vegas Sands*, 2010 WL 3522278, at *2 (appointing pension and retirement systems over group of individuals); *Shuffle Master*, 2007 WL 4262723, at *3 (appointing pension and retirement systems). In this District, not once in the last five years has an individual or group of individuals been appointed to represent a shareholder class over a competing motion by an institutional investor. *See Lowinger v. Global Cash Access Holdings, Inc.*, 2:08-cv-01320-JCM-PAL, slip op. at 10 (D. Nev. Oct. 1, 2008) (appointing public retirement system as lead plaintiff); *Int'l Brotherhood of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech.,* 3:09-CV-419-ECR-RAM, slip op. at 2 (D. Nev. Mar. 26, 2010) (appointing pension fund as lead plaintiff); *Szymborski v. Ormat Tech., Inc.*, 3:10-cv-00132-RCJ-WGC, slip op. at 3 (D. Nev. June 3, 2010) (approving unopposed motion); *Pancoe v. JBI, Inc.*, 3:11-cv-00545-RCJ-WGC, slip op. at 2 (D. Nev. May 11, 2012) (approving unopposed motion).

Finally, the Court should not countenance the SPPI Group's contention that Arkansas Teacher's application is barred by the PSLRA's professional plaintiff rule. Just as "[i]t is beyond dispute that Congress passed the PSLRA in part to encourage institutional investors such as [Arkansas Teacher] to take the lead in private securities class actions" (*Netflix*, 2012 WL 1496171, at *6), equally clear is Congress' intent that the profession plaintiff rule in no way apply to institutional investors. As explicitly set forth in the related Conference Report of the House of Representatives, "[i]nstitutional investors . . . *do not represent the type of professional plaintiff this legislation seeks to restrict*." H.R. Conf. Rep. No. 104-369, at 35, *reprinted in* 1995 U.S.C.C.A.N. at 734 (emph. added). No statement of Congressional intent could be clearer. *See*

13

*Netflix*, 2012 WL 1496171, at *6 ("The argument [that Arkansas Teacher is restricted by the professional plaintiff rule] misapprehends both the spirit and the letter of the PSLRA.").

**D.**   **Arkansas Teacher's Choice of Labaton Sucharow as Lead Counsel for the Class Should be Approved**

Although courts have discretion regarding the appointment of lead counsel (*In re Cendant Corp. Sec. Litig.*, 182 F.R.D. 144, 150 (D.N.J. 1998)) "[a] court may disturb the lead plaintiff's choice of counsel only if it appears necessary to protect the interests of the class." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, No. 2:06-CV-2674, 2007 WL 2692217, at *7 (D. Ariz. Sept. 11, 2007) (quotations and citations omitted).

As set forth in Arkansas Teacher's opening memorandum, its choice of counsel, Labaton Sucharow, has the experience and resources to litigate this Action. Arkansas Teacher Opening Br. at 12-13. Accordingly, approval of Labaton Sucharow as Lead Counsel will ensure that the Class will receive the highest caliber of legal representation.

**E.**   **All Other Motions Should be Denied**

Each of the remaining movants has a financial interest in the Action far smaller than that of Arkansas Teacher, and can offer no proof to rebut the presumption that Arkansas Teacher is the most adequate plaintiff because no such proof exists. Accordingly, all other motions should be denied.

**III.   CONCLUSION**

For the foregoing reasons, Arkansas Teacher respectfully requests that the Court: (1) appoint Arkansas Teacher as Lead Plaintiff; (2) approve Arkansas Teacher's selection of Labaton Sucharow as Lead Counsel; and (3) deny all competing motions.

14

Dated: May 13, 2013

Respectfully submitted,

By:   */s/ William M. O'Mara*
William M. O'Mara (Nevada Bar No. 0837)
David C. O'Mara (Nevada Bar No. 8599)
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty St.
Reno, Nevada 89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082
Email: bill@omaralaw.net
david@omaralaw.net

*Local Counsel*

Christopher J. Keller
Eric J. Belfi
Michael W. Stocker
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: ckeller@labaton.com
ebelfi@labaton.com
mstocker@labaton.com

*Counsel for Arkansas Teacher Retirement*
*System and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, William M. O'Mara, Local Counsel for Arkansas Teacher Retirement System, certify that on this 31th day of May, 2013, I electronically filed this Memorandum of Law in Further Support of the Motion of Arkansas Teacher Retirement System for Appointment as Lead Plaintiff, Approval of Selection of Lead Counsel, and in Opposition to Competing Motions with the Clerk of the U.S. District Court using the CM/ECF system and which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

 */s/  William M. O'Mara*
William M. O'Mara