UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC. ROBERT J. SCARINGE, and CLAIRE MCDONOUGH,<br><br>Defendants. | Case No.:  CV 24-4566-CBM-(JPRx)<br><br>**ORDER RE: MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL [24][27]** |

The matters before the Court are: (1) National Pension Service's ("NPS's") Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Dkt. No. 24)[1]; and (2) Motion of Kamil Kirio and Nada Badr-Kirio (collectively, the "Kirios") for Appointment as Lead Plaintiff and Approval of Choice of Counsel (Dkt. No. 27).

I. **BACKGROUND**

On May 31, 2024, Plaintiff IPRS filed a putative securities fraud class action asserting two causes of action:  (1) violations of Section 10(b) of the Securities Exchange Act (the "Act") and Rule 10b-5 against all Defendants;[2] and

---

[1] NPS's motion is brought on behalf of the National Pension Fund and Plaintiff Indiana Public Retirement System ("IPRS") (collectively, "Pension Funds").

[2] The named Defendants are Rivian Automotive, Inc. ("Rivian"), Robert J.

1

(2) violations of Section 20(a) of the Act against the Individual Defendants.[3]

## II. STATEMENT OF THE LAW

### A. Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA") has established a three-step process for appointing a lead plaintiff for class actions under the Act. 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021). "In step one, notice of the action must be posted so purported class members can move for lead plaintiff appointment." *In re Mersho*, 6 F.4th at 899 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II).) Within 60 days after publication of the notice, "any person or group of persons" who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

"In step two, the district court must determine which movant is the 'most adequate plaintiff,' which is defined as the plaintiff 'most capable of adequately representing the interests of class members.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). Under step two, "the district court must identify which movant has the largest alleged losses and then determine whether that movant has made a prima facie showing of adequacy and typicality . . . based on only the movant's pleadings and declarations." *Id.* (citation omitted). "Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant becomes the presumptively most adequate plaintiff." *Id.* (internal quotations and citation omitted). "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the

---

Scaringe, and Claire McDonough.

[3] The "Individual Defendants" are Robert J. Scaringe, and Claire McDonough

requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). This plaintiff then becomes the presumptive lead plaintiff. *Id.*

At step three, the process "turns adversarial" and "[t]he presumption may be rebutted 'only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff ... will not fairly and adequately protect the interests of the class; or [] is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *In re Mersho*, 6 F.4th at 899 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)). To rebut the presumption, there must be "proof that the presumptive lead plaintiff is not adequate." *Id.* "If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)).

**B.    Lead Counsel**

Under the PSLRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

### III.    DISCUSSION

**A.    Person or Group of Persons Who Filed the Complaint or Made a Motion in Response to the Notice.**

On May 31, 2024, Plaintiff IPRS filed the Complaint. Statutory notice of this action was published on *Business Wire* on May 31, 2024 notifying putative class members of the pendency of the action and the right to move for appointment as lead plaintiff. (Gilmore Decl. Ex. C.) On July 30, 2024, Pension Funds and the Kirios timely moved to be appointed lead plaintiff within 60 days of the publication of the notice. (Dkt. Nos. 24, 27.) *See* 15 U.S.C. § 78u-4(a)(3).

3

Accordingly, Pension Funds and the Kirios satisfy the first requirement to be appointed lead plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.     Largest Financial Interest In the Relief Sought By the Class**

The Kirios claim a loss of $1,951,245 based on their purchases of Rivian securities during the class period.  (Burke Decl. Ex. C.)  Pension Funds claim $34,026,122.10 in losses by NPS and $2,350,677.10 in losses by IPRS, for a collective total of $36.4 million in losses during the class period.  (Gilmore Decl. Exs. A, B.)  Therefore, Pension Funds has the largest financial interest in this action.

**C.     Adequacy**

Having found Pension Funds has the largest financial interest, the Court must proceed to determining whether Pension Funds' claims are typical of the class and whether they will adequately represent the class under step two of the process for appointing a lead plaintiff.  *See In re Cavanaugh*, 306 F.3d at 732. "For plaintiff groups, courts consider as part of the adequacy analysis whether the group will be able to function cohesively to monitor counsel and make critical litigation decisions as a group.  Those courts find that a group of unrelated plaintiffs fails to satisfy the adequacy requirement where the group does not sufficiently demonstrate that it can adequately monitor counsel and make important decisions together." *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6 (N.D. Cal. Dec. 16, 2019) (citing *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *7-9 (N.D. Cal. Aug. 22, 2008)).  Moreover, in assessing adequacy, the Court may consider the lack of a pre-litigation relationship.  *See In re Mersho*, 6 F. 4th 891, 901 (9th Cir. 2021).

Pension Funds submitted joint declaration from NPS and IPRS in support of their opposition (Dkt. No. 36-2 ("Joint Decl.")), and a supplemental joint

declaration in support of their reply (Dkt. No. 45-2 ("Suppl. Joint Decl."))[4]. The joint declarations state NPS and IPRS are "like-minded organizations with similar fiduciary duties to our members" and "separately and collectively consulted with our counsel, and independently decided to join together to file a joint motion for appointment as Lead Plaintiff," they decided to file a joint motion after they "discussed with counsel the possibility of working together," they had one joint conference call on July 29, 2024 during which they "discussed the Rivian litigation and our objectives for jointly prosecuting this important case," the "procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from our supervision of counsel," and state generally "[w]e will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel in order to ensure that the litigation is prosecuted in the best interests of the class," that they "have established procedures for overseeing the progress of the litigation and communicating both separate and apart from and with counsel as necessary," and that they "will also, as necessary, confer with and without counsel to ensure that we are able to make timely decisions and have a mechanism to resolve any disagreement regarding the prosecution of the Action." (Joint Decl. ¶¶ 6, 9, 10; Suppl. Joint Decl. ¶¶ 9, 10.) However, Pension Funds does not provide other information on how NPS and IPRS will resolve disagreements or specific, substantive information on how they will jointly manage the case. Therefore, the

---

[4] Pension Funds did not submit a declaration with their initial motion demonstrating a prelitigation relationship between the investors or detailing how they would work together. The Kirios argue Pension Funds' joint declarations submitted in support of its opposition and reply are therefore untimely. However, the Kirios do not identify any authority providing the Court cannot consider the joint declarations filed in support of the opposition and reply. *See Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) ("Although the Group's initial motion did not provide information related to communication and coordination between its members, the Group later submitted a Joint Declaration in support of its opposition brief. That the Group did not file the Joint Declaration until after its lead plaintiff motion does not exclude the Court from accepting it.").

joint declarations fail to demonstrate NPS and IPRS "will be able to function cohesively to monitor counsel and make critical litigation decisions as a group." *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6.

Moreover, IPRS's certification demonstrates IPRS has sought to serve and was appointed as lead plaintiff in nine securities class actions during the last three years. (Dkt. No. 26-1, IPRS Certification ¶ 5.) 15 U.S.C. § 78u–4(a)(3)(B)(vi) provides "[e]xcept as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period." Therefore, IPRS cannot serve as lead plaintiff in this securities class action.[5]

Accordingly, Pension Funds fail to make a prima facie case that Rule 23(a)'s adequacy requirement is satisfied as required to be deemed the presumptive lead plaintiff. *See Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261 (C.D. Cal. Jan. 30, 2024); *Lako v. Loandepot, Inc.*, 2022 WL 1314463, at *6 (C.D. Cal. May 2, 2022); *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6-8; *Isaacs v. Musk*, 2018 WL 6182753, at *3 (N.D. Cal. Nov. 27, 2018); *In re Silicon Storage Tech., Inc.*, 2006 WL 648683, at *(N.D. Cal. May 10, 2005). Therefore, the Court must consider the movant with the next-largest financial stake (i.e., the Kirios), and determine whether the Kirios satisfy the requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 730.

---

[5] Pension Funds argues courts routinely waive the five cases within five years limitation for institutional investors such as IPRS, citing *Homyk v. ChemoCentryx, Inc.*, 2022 WL 20299962, at *3 (N.D. Cal. Jan. 28, 2022). While 15 U.S.C. § 78u–4(a)(3)(B)(vi) "provides discretion to waive the restriction to achieve the objectives of the statute," *see In re Herbalife, Ltd. Sec. Litig.*, 2015 WL 1276710, at *1 (C.D. Cal. Mar. 16, 2015), waiving that restriction here would not promote the objectives of the PSLRA to prevent lawyer-driven litigation. *See In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir. 2002); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002).

Here, the Kirios declare under penalty of perjury that they "did not purchase or acquire the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws"; they "individually or as part of a group, are willing to serve as representative parties on behalf of the class, including providing testimony at deposition and trial, if necessary"; and they "will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiffs' pro rata share of any recovery, except as ordered and approved by the court, any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class." (Dkt. No. 28-2, Kirios Joint Certification ¶¶ 2, 3, 6.)

Pension Funds argues the Kirios "failed to make the requisite showing of adequacy" because they "have failed to demonstrate that they are sophisticated investors or that they have ***any*** experience overseeing complex litigation." While the PSLRA includes "[t]he requirement that plaintiffs certify that they did not buy the security at the direction of their lawyers or for purposes of litigation, as well as the prohibition against professional plaintiffs" which the Ninth Circuit recognized "will diminish the risk of lawyer-driven lawsuits," *see In re Cavanaugh*, 306 F.3d at 738, there is no requirement that a movant seeking to be appointed as lead plaintiff certify that the movant is a sophisticated investor or that the movant has significant experience overseeing complex litigation. Here, the Kirios's certification signed under penalty of perjury complied with the requirements for certification as set forth in 15 U.S.C. § 78u-4(a)(2).

Accordingly, the Court finds no evidence before the Court demonstrating the Kirios have any conflicts of interest with the class or that the Kirios will not prosecute the action vigorously on behalf of the class. *In re Mersho*, 6 F.4th at 899–900. Accordingly, the Kirios satisfy Rule 23's adequacy requirement.

**D.      Typicality**

To determine whether the typicality requirement is satisfied, the Court must analyze "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  Here, the Kirios' claims are typical of the putative class because they are based on the same legal theory and arise from the same events as the putative class members' claims.[6]

\*          \*          \*

Accordingly, because the Kirios demonstrate they will adequately represent the class and their claims are typical of the class, the Court finds the Kirios are the presumptive lead plaintiffs.  Because the Kirios are the presumptive lead plaintiffs, other movants have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements" based on "proof" that that the presumptive lead plaintiffs will not fairly and adequately protect the interests of the class, or are subject to unique defenses that render such plaintiff incapable of adequately representing the class. *In re Cavanaugh*, 306 F.3d at 730; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, Pension Funds offers no evidence to rebut the Kirios' showing the Rule 23's typicality and adequacy requirements are satisfied.[7]  Therefore, the Court appoints the Kirios as lead plaintiffs.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 732; *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at \*9).

---

[6] Pension Funds does not argue the Kirios fail to satisfy the typicality requirement.

[7] Instead, Pension Funds simply argues the Kirios did not meet their burden of showing adequacy by failing to show they are sophisticated investors and contends "Pension Funds and the Court know nothing about the Kirios' ability to oversee counsel in prosecuting a complex securities class action."

8

### E.   Lead Counsel

The PSLRA vests authority in the lead plaintiffs to select and retain counsel to represent the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, the Kirios have selected Bernstein Liebhard as lead counsel and Burke Law Firm to serve as local counsel. The Kirios submit the firm resume for Bernstein Liebhard which demonstrates its experience in securities litigation, that it specializes in representing institutional and individual investors in shareholder class actions, and that it was recognized for its "exemplary and cutting-edge work" on behalf of plaintiffs in securities law (Burke Decl. Ex. D). The Kirios also identify numerous securities actions wherein Bernstein Liebhard was appointed as lead counsel. (Dkt. No. 29 at 7.) The Kirios also submit the firm resume for Burke Law Firm demonstrating it specializes in complex class actions included federal securities class actions, and identify several securities actions wherein the firm served as lead or co-lead counsel. (Burke Decl. Ex. E.) There is no evidence before the Court demonstrating Bernstein Liebhard and the Burke Law Firm will not adequately represent the class. Therefore, the Court approves the Kirios selection of Bernstein Liebhard and the Burke Law Firm as lead counsel in this action. *See Cohen*, 586 F.3d at 712.

### IV.   CONCLUSION

Accordingly, the Court **DENIES** NPS's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel; and **GRANTS** the Kirios' Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel.

**IT IS SO ORDERED.**

DATED: October 24, 2024.

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE