**THE BURKE LAW FIRM**
Timothy J. Burke (SBN #181866)
tim.burke@burke-law-firm.com
1001 Wilshire Boulevard, #2187
Los Angeles, CA 90017
(310) 984-7199 (phone)
(310) 602-6589 (fax)

*Local Counsel for Kamil Kirio and Nada Badr-Kirio and Liaison Counsel for the Proposed Class*

[Additional Counsel on Signature Block]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., ROBERT J. SCARINGE and CLAIRE MCDONOUGH,<br><br>Defendants. | Case No. 2:24-cv-04566-CBM-JPR<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFFS KAMIL KIRIO AND NADA BADR-KIRIO'S OPPOSITION TO INDIANA RETIREMENT SYSTEM AND NATIONAL PENSION SERVICE'S MOTION FOR RECONSIDERATION**<br><br>Date:        December 10, 2024<br>Time:        10:00 a.m.<br>Courtroom:  8D<br>Judge:       Consuelo B. Marshall |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................................1

ARGUMENT ...........................................................................................................3

  I.  THE UNRELATED GROUP FILED A GROUNDLESS MOTION FOR RECONSIDERATION THAT MUST BE DENIED......................................3

  II.  THE UNRELATED GROUP FAILS TO IDENTIFY ANY MATERIAL FACTS IGNORED BY THE COURT OR ANY EXAMPLES OF "CLEAR ERROR"....................................................................................................4

  III. THE UNRELATED GROUP'S NEW ARGUMENT TO DISAGGREGATE THE GROUP IS NEITHER "CLEAR ERROR" NOR APPROPRIATE FOR RECONSIDERATION...............................................................................10

CONCLUSION ......................................................................................................12

i

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*389 Orange Street Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) ...................................................................................3

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) .....................................................................3

*Bazarganfard v. Club 360 LLC*,
  No. 2:21-cv-02272-CBM-(PLAx),
  2024 WL 3191226 (C.D. Cal. May 24, 2024) ........................................................7

*Bradford v. Khamooshian*,
  No. 3:17-CV-2053-BAS-AHG, 2019 WL 5061316 (S.D. Cal. Oct. 9, 2019).......4

*Burns v. UP Fintech Holding Ltd.*,
  No. CV 23-4842-CBM-BFMx,
  2024 WL 387261 (C.D. Cal. Jan. 30, 2024) ..............................................2, 6, 11

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) .................................................................................10

*Das v. Unity Software Inc.*,
  No. 5:22-CV-03962-EJD, 2023 WL 1927739 (N.D. Cal. Feb. 10, 2023) .............8

*Frank v. Dana Corp.*,
  237 F.R.D. 171 (N.D. Ohio 2006) ...........................................................................9

*Haideri v. Jumei Int'l Holding Ltd.*,
  No. 20-CV-02751-EMC, 2020 WL 5291872 (N.D. Cal. Sept. 4, 2020) ...............7

*Henderson v. Lindland*,
  No. CV 11-01350 DDP (DTBx),
  2013 WL 12123655 (C.D. Cal. Jan. 31, 2013) .......................................................3

*In re Cloudera, Inc. Sec. Litig.*,
  No. 19-CV-03221-LHK, 2019 WL 6842021 (N.D. Cal. Dec. 16, 2019) ..........6, 7

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) .................................................................................2, 5

*In re Origin Materials, Inc., Sec. Litig.*,
  No. 2:23-cv-01816 WBS JDP, 2023 WL 8698363 (E.D. Cal. Dec. 15, 2023)......5

*In re Stitch Fix, Inc. Sec. Litig.*,
  393 F. Supp. 3d 833 (N.D. Cal. 2019) ............................................................6, 11

ii

*In re Versata, Inc., Sec. Litig.*,
  No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ....................5

*Isaacs v. Musk*,
  No. 18-cv-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ..............7

*Jakobsen v. Aphria, Inc.*,
  No. 18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) .........11

*Karp v. Diebold Nixdorf, Inc.*,
  No. 19 Civ. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. 2019) .............................8

*Koffsmon v. Green Dot Corp.*,
  No. CV-19-10701 DDP (Ex), 2021 WL 3473975 (C.D. Cal. Aug. 6, 2021),
  *reconsideration denied,*
  No. CV-19-10701 DDP (Ex), 2022 WL 170636 (C.D. Cal. Jan. 19, 2022) ....9, 10

*Kona Enters., Inc. v. Est. of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ...............................................................................3

*Lako v. Loandepot, Inc.*,
  No. 8:21-cv-01449-JLS-JDE, 2022 WL 1314463 (C.D. Cal. May 2, 2022) ......6

*Malasky v. IAC/InteractiveCorp.*,
  No. 04 Civ. 7447 (RHJ), 2005 WL 549548 (S.D.N.Y. Mar. 7, 2005)................9

*Mannkind Sec. Actions*,
  No. CV11-00929 GAF (SSx),
  2011 WL 13218021 (C.D. Cal. Apr. 27, 2011) ...................................................11

*Marjanian v. Allied Nevada Gold Corp.*,
  No. 3:14-cv-0175-LRH-WGC, 2015 WL 128691 (D. Nev. 2015).....................10

*Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009) ...............................................................................3

*McCracken v. Edwards Lifesciences Corp.*,
  No. 8:13-CV-1463-JLS (RNBx),
  2014 WL 12694135 (C.D. Cal. Jan. 8, 2014) ................................................2, 5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) .............8

*NG Imports, Inc. v. Createdhair Designs, LLC*,
  No. LA CV21-08086 JAK (RAOx),
  2022 WL 19571751 (C.D. Cal. Nov. 30, 2022).................................................10

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.,*
  No. 21-cv-08812-JST, 2022 WL 3571995 (N.D. Cal. July 26, 2022)..................5

*Sound View Innovations, LLC v. Hulu, LLC*,
  No. LA CV17-04146 JAK (PLAx),
  2020 WL 5356698 (C.D. Cal. June 18, 2020) ...................................................11

*Tsirekidze v. Syntax-Brillian Corp.*,
  No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ............12

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008).................................................................11

*Rules*

Local Civil Rule 7-18.................................................................................passim

Lead Plaintiffs Kamil Kirio and Nada Badr-Kirio (the "Kirios") hereby oppose the Unrelated Group's motion for reconsideration (the "Motion") of the Court's October 29, 2024 order appointing the Kirios as the Lead Plaintiffs in this Action (the "Order") (ECF No. 49).[1]

**PRELIMINARY STATEMENT**

The Unrelated Group's Motion is meritless and must be denied. The Motion fails to identify any material facts that this Court failed to consider in its Order. The Unrelated Group merely disagrees with the Court's findings and seeks to regurgitate the same facts and arguments that previously failed. But as Local Rule 7-18 makes clear, motions for reconsideration cannot repeat any argument made in support of the original motion; disagreement is not valid grounds for reconsideration. In addition, the Motion fails to identify any "clear error" in the Court's application of the law. The Unrelated Group only suggests – based on a distorted reading of factually distinct cases that are not controlling – that the Court could have decided things differently, including by absurdly assuming the group's burden and *sua sponte* patching up the gaping holes in the group's lead plaintiff motion. Beyond being fundamentally wrong, this argument likewise violates the Local Rule and is not valid grounds for reconsideration. Finally, underscoring the transparently lawyer-driven nature of the Motion, counsel for the Unrelated Group now offer to jettison Indiana to seek appointment with NPS alone. But the lead plaintiff motion is already over, and there is no "clear error" in a court declining to disaggregate a failed group to treat its members as individual movants, particularly where, as here, the members never indicated a willingness to individually serve as lead plaintiff (Opp'n at 4-5, 15; Reply at 2-3, 9-10). Such a request cannot be made for the first

[1] National Pension Service ("NPS") and the Indiana Public Retirement System ("Indiana") are referred to as the "The Unrelated Group". The Unrelated Group's motion is cited to as "Br. _" (ECF No. 51). "Mot.", "Opp'n", and "Reply" refer to the Kirios Family's motion, opposition and reply.

1

time in a brief written by lawyers seeking reconsideration. For these reasons, the Unrelated Group's motion must be denied.

It is black letter law that courts have broad discretion to assess a movant's adequacy, and, given the PSLRA's goal to eliminate lawyer-driven litigation, this scrutiny is naturally enhanced when a court reviews an unrelated group cobbled together by counsel. *See In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021) (analyzing unrelated group and explaining "[d]istrict courts have 'latitude' in what information they can consider to assess adequacy'"); *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463-JLS (RNBx), 2014 WL 12694135, at *3 (C.D. Cal. Jan. 8, 2014) ("Groups, however, can present unique concerns when they seek appointment as lead plaintiff").

Flying in the face of this Court's recent decision in *Burns v. UP Fintech Holding Ltd.*, No. CV 23-4842-CBM-BFMx, 2024 WL 387261 (C.D. Cal. Jan. 30, 2024) ("*Fintech*"), the Unrelated Group filed a deficient lead plaintiff motion that failed to demonstrate the group's *prima facie* adequacy. Initially, the Unrelated Group did not submit any declaration to support adequacy, and later filed two belated declarations containing only conclusory and boilerplate statements, which the Court found insufficient. The Court held that "the joint declarations fail to demonstrate NPS and [Indiana] 'will be able to function cohesively to monitor counsel and make critical litigation decisions as a group.'" Order at 5-6. Incomprehensibly, the Unrelated Group now claims that all the "facts" supposedly "ignored" by the Court came from these same declarations.  Br. 7; Order at 5-6.

After declining to appoint the Unrelated Group, the Court turned to the Kirios, found that the Kirios satisfied the *prima facie* requirements, and properly granted the Kirios' motion. The Unrelated Group now argues that the Kirios should have been held to the same standard as an unrelated group, but a married couple has a pre-existing relationship, is not cobbled together by counsel, and does not raise any of

the same concerns of lawyer-driven litigation as an unrelated group. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) (family members are the archetypal lead plaintiff group with a "meaningful relationship" preceding litigation). This argument lacks any credibility.

Disappointed by the outcome, the Unrelated Group have taken the extraordinary step of filing this Motion. But motions for reconsideration are only granted in very rare circumstances where there is newly discovered evidence, an intervening change in the controlling law, or a clear error by the court. None of these circumstances are present here, and, as such, the Motion is nothing more than a frivolous waste of both the Court's and the proposed Class's time and resources.

For these reasons, the Kirios respectfully request that the Court deny the Unrelated Group's Motion.

## ARGUMENT

## I.     THE UNRELATED GROUP FILED A GROUNDLESS MOTION FOR RECONSIDERATION THAT MUST BE DENIED

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Thus, "the standard on a Motion to Reconsider is very high," and these motions "are generally unwelcome'" unless there are extreme circumstances, such as new evidence, clear error, or a change in controlling law. *Henderson v. Lindland*, No. CV 11-01350 DDP (DTBx), 2013 WL 12123655, at \*1 & n.1 (C.D. Cal. Jan. 31, 2013); s*ee also Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (a "motion for reconsideration should not be granted, absent highly unusual circumstances") (quoting *389 Orange Street Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999)).

The Unrelated Group's Motion does not even come close to presenting any of the extraordinary circumstances warranting reconsideration. "[M]ere disagreement

3

with the Court's decision is not sufficient grounds for reconsideration." *Bradford v. Khamooshian*, No. 3:17-CV-2053-BAS-AHG, 2019 WL 5061316, at *3 (S.D. Cal. Oct. 9, 2019). And as Local Civil Rule 7-18 makes clear, litigants cannot re-hash any earlier arguments, which is precisely what the Unrelated Group has done here. Accordingly, the Unrelated Group's Motion must be denied.

## II. THE UNRELATED GROUP FAILS TO IDENTIFY ANY MATERIAL FACTS IGNORED BY THE COURT OR ANY EXAMPLES OF "CLEAR ERROR"

The Unrelated Group irresponsibly accuses the Court of "ignoring" facts and committing "clear error" but fails to identify any examples supporting these accusations. Instead, the Unrelated Group resorts to nonsensical arguments in an impermissible attempt for a second bite at the apple. Indeed, the Unrelated Group admits that the Court analyzed the group's declarations – but then irreconcilably argues that the Court ignored the very same declarations. *See* Br. at 6 ("the Court quotes joint declarations provided by [the Unrelated Group]… the Order also ignored [] evidence [] provided in [the Unrelated Group's] joint declarations"). At bottom, the Unrelated Group wants the Court to review these declarations again and come to a different conclusion, but that is not valid grounds for seeking reconsideration and violates Local Rule 7-18. *Id.*[2]

---

[2] For example, the Unrelated Group repeats their already-rejected argument about their flawed declarations. *Compare* Unrelated Group Reply, ECF No. 36, at 6 n. 4 ("NPS and Indiana have implemented a clear and logical decision-making structure with established procedures and set communication protocols in order to facilitate future discussion with—and without—counsel") *with* Br. at 6 ("The Unrelated Group provided evidence that they have a mechanism for resolving any disagreements" and "The Unrelated Group stated … they will 'actively oversee the prosecution of this Action for the benefit of the proposed class by reviewing pleadings, holding joint calls with and without counsel…'" ). The Unrelated Group also cites the same passages of the same cases, none of which are any more applicable the second time around. *See* Unrelated Group Opp'n, ECF No. 36, at 2, 7; Unrelated Group Reply, ECF No. 45, at 4, 5, 6 n.6.; Br. at 7 (citing *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 21-cv-08812-JST, 2022 WL 3571995, at *3-4 (N.D. Cal. July 26, 2022) and *McCracken*, 2014 WL 12694135, at *4). The Unrelated Group's repetition of flawed arguments and inapposite cases, in addition to violating Local Rule 7-18, falls woefully short of their burden to show "clear error."

4

Likewise, the Unrelated Group fails to identify any "clear error" in the Court's application of the law. This is not surprising given that the Order falls squarely in line with the legion of cases finding that conclusory and boilerplate declarations do not demonstrate an unrelated group's adequacy. *See* Order at 5-6 (collecting cases). While the Unrelated Group cites to a handful of cherry-picked cases where other courts, exercising their discretion under different facts and circumstances, may have appointed a two-member group or disaggregated a group, none of those cases are controlling or binding on this Court.  Thus, they cannot form the basis for arguing that the Court committed "clear error". Once again, the Unrelated Group is impermissibly violating Local Rule 7-18.

Courts take a "case-by-case approach" when adjudicating lead plaintiff motions, and it is well established that they have broad discretion to determine the adequacy of the movants before them. *In re Versata, Inc., Sec. Litig*., No. C 01-1439 SI, 2001 WL 34012374, at *6-7 (N.D. Cal. Aug. 20, 2001). Given the PSLRA's goal to eliminate lawyer-driven litigation, courts are particularly discerning when evaluating the adequacy of unrelated groups cobbled together by counsel. *See Mersho*, 6 F.4th at 901 (explaining that "[d]istrict courts have 'latitude' in what information they can consider to assess adequacy'" of unrelated group); *McCracken*, 2014 WL 12694135, at *3 ("[g]roups [] can present unique concerns when they seek appointment as lead plaintiff"); *In re Origin Materials, Inc., Sec. Litig*., No. 2:23-cv-01816 WBS JDP, 2023 WL 8698363, at *2 (E.D. Cal. Dec. 15, 2023) (finding group did not make *prima facie* showing of adequacy where there was "nothing in the record explaining how [group] became acquainted or what their relationship is"). As this Court explained in the Order:

> For plaintiff groups, courts consider as part of the adequacy analysis whether the group will be able to function cohesively to monitor counsel and make critical litigation decisions as a group. Those courts find that a group of unrelated plaintiffs fails to satisfy the adequacy requirement where the group

5

does not sufficiently demonstrate that it can adequately monitor counsel and make important decisions together.

Order at 6 (citing *In re Cloudera, Inc. Sec. Litig*., No. 19-CV-03221-LHK, 2019 WL 6842021, at *6 (N.D. Cal. Dec. 16, 2019)).

In an effort to address these "unique" concerns, group movants routinely file detailed declarations to demonstrate their adequacy. The Unrelated Group here should have known that this Court was not going to accept a boilerplate declaration. *See Fintech*, 2024 WL 387261, at *3. In *Fintech*, this Court rejected a two-member group with the largest financial interest because "boilerplate assurances that they would work together to oversee the litigation" were insufficient. *See id.* The *Fintech* decision is consistent with countless other courts. *See*, *e.g.*, *Lako v. Loandepot, Inc.*, No. 8:21-cv-01449-JLS-JDE, 2022 WL 1314463, at *6 (C.D. Cal. May 2, 2022) (where group's declaration provided only "boilerplate assurances that its members would work together to oversee the litigation", *prima facie* showing of adequacy not satisfied); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (denying motion of "unrelated group of investors that was created by a common lawyer that has submitted at best, a highly conclusory joint declaration"). Nevertheless, the Unrelated Group initially failed to submit any declaration with its motion, and then belatedly submitted not one but two conclusory and boilerplate declarations.

The Court analyzed all the "evidence" the Unrelated Group submitted and found it sorely lacking. *See* Order at 5-6 (citing Joint Decl. ¶¶ 6, 9, 10; Suppl. Joint Decl. ¶¶ 9, 10). Significantly, the Court found that the Unrelated Group did "not provide [] specific, substantive information on how they will jointly manage the case" and "[t]herefore, the joint declarations fail to demonstrate [the Unrelated Group] 'will be able to function cohesively to monitor counsel[.]'" *Id.* Moreover, the Court found the group's purported decision-making "procedures" vague and inadequate. *See* Order at 5 ("However, [the Unrelated Group] does not provide other

6

information on how NPS and [Indiana] will resolve disagreements"); *see also id*. at 6 (the Unrelated Group failed to demonstrate they "will be able to [] make critical litigation decisions as a group").[3] The foregoing led the Court to properly conclude that the Unrelated Group failed to meet its Rule 23 requirements. As this Court recently found in denying another motion for reconsideration, "the Court is not required to reference all evidence submitted by the parties in an order ruling on a motion". *Bazarganfard v. Club 360 LLC*, No. 2:21-cv-02272-CBM-(PLAx), 2024 WL 3191226, at *2, 4 (C.D. Cal. May 24, 2024) (denying motion to reconsider for failing to satisfy Local Rule 7-18). Likewise here, the Court did not have to reference every word in the Unrelated Group's declarations to properly draw its conclusion.

The Unrelated Group now complains that it did not even have to describe its decision-making mechanism to the Court. Br. 6. And it stunningly blames the Court for not conducting a hearing to fill in the gaping holes in the group's motion for the group. Br. 8.  But, as discussed *supra*, the Unrelated Group's argument flies in the face of this Court's *Fintech* decision and the prevailing law requiring group declarations to provide sufficient details.  Moreover, it is the Unrelated Group's burden, not the Court's, to file a lead plaintiff motion that satisfies the relevant requirements.  It is certainly not "clear error" for a court to deny a deficient lead plaintiff motion made by an unrelated group where the court examined the evidence presented and found that the group failed to demonstrate its own adequacy.  Also risible is the Unrelated Group's new-fangled claim that the Kirios, a married couple,

---

[3] Decision-making is a critical factor weighed by courts evaluating unrelated groups, particularly where a group has an even number of members whose votes could result in a deadlock detrimental to the proposed class. *See Cloudera*, 2019 WL 6842021, at *7 (rejecting two-member institutional group where declaration "provided no detail whatsoever about any decisionmaking process"); *Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 WL 6182753, at *3 (N.D. Cal. Nov. 27, 2018) (rejecting group where "the decisionmaking structure [in declaration] does not appear to be robust"); *Haideri v. Jumei Int'l Holding Ltd*., No. 20-CV-02751-EMC, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) (rejecting group where decision-making structure was not in original declaration and "appears to have been devised only after inquiry and [the Court's] prodding").

did not describe its decision-making mechanism and should be held to the same standard as an unrelated group. Br. at 8. The Kirios have a preexisting relationship, work together daily, were not cobbled together by counsel, and do not raise any of the same lawyer-driven concerns as an unrelated group. To suggest that a married couple and an unrelated group are the same is inconsistent with the law and lacks any credibility.[4]

The Unrelated Group's case citations likewise do not demonstrate "clear error" here as they are neither controlling nor binding on this Court. *See* Br. 3-4, 6-7. The handful of cases cited by the Unrelated Group merely show other courts exercising their discretion in factually distinct scenarios. *See Das v. Unity Software Inc.*, No. 5:22-cv-03962-EJD, 2023 WL 1927739 (N.D. Cal. Feb. 10, 2023) (declaration submitted initially with lead plaintiff motion, and lead plaintiff motion was unopposed with no competing movants challenging group's adequacy); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4-5 (N.D. Cal. June 10, 2014) (same). The Unrelated Group also cites the *Meta* case, which it previously relied on, and re-hashes old arguments in violation of Local Rule 7-18. *See* Opp'n. 2; Reply 4, 5, 6 n. 4. Nevertheless, *Meta* is factually distinct as the declaration there was submitted initially with the motion, was more detailed, and explained that the group was formed through a public request made by the Ohio Attorney General and was not lawyer-driven. *See Meta*, No. 21-cv-08812-JST, Ohio and PFA Joint Decl., ECF No. 22-3 at para. 6; Ohio and PFA Supp. Joint Decl., ECF No. 66-3 at paras. 6-8; Ohio Press Release, ECF No. 9-1.

Likewise, the Unrelated Group's reliance on two factually distinct cases where a motion for reconsideration was granted in the context of a lead plaintiff

---

[4] The Unrelated Group's reliance on *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. 2019) is disingenuous at best. In *Karp*, a married couple was only found inadequate because they did not provide sufficient information about themselves and they inflated their losses by 34%. Here, the Kirios have not inflated their losses and have provided more than sufficient information about themselves to demonstrate *prima facie* adequacy.

8

motion does not demonstrate "clear error" here as those cases involved clear mistake. In *Malasky v. IAC/InterActiveCorp*, No. 04 CIV. 7447 (RJH), 2005 WL 549548, at *1 (S.D.N.Y. Mar. 7, 2005), the court granted a motion for reconsideration because the lead plaintiff order was based on the court's mistaken belief that one movant was not an institution when in fact it was. Likewise, in *Frank v. Dana Corp.*, 237 F.R.D. 171, 172 (N.D. Ohio 2006), the court granted a motion for reconsideration because the court misinterpreted a movant's loss chart in the lead plaintiff order and mistakenly found that one movant's losses were greater when, in fact, the other movant's losses were greater. In stark contrast, the Court here made no mistake.

In fact, motions for reconsideration of lead plaintiff appointments are routinely denied under similar circumstances. In *Koffsmon v. Green Dot Corp.*, No. CV-19-10701 DDP (Ex), 2021 WL 3473975 (C.D. Cal. Aug. 6, 2021), *reconsideration denied*, No. CV-19-10701 DDP (Ex), 2022 WL 170636 (C.D. Cal. Jan. 19, 2022), motions for lead plaintiff were made by (i) an unrelated group of institutions; and (ii) a pension fund. The court there denied the group's motion and the group moved for reconsideration. The court denied that motion too, noting that "a pre-litigation relationship along with other factors such as [] how the members found their counsel, and the prosecution procedures set out in their filing…. ***are precisely the concerns this Court raised in the Order***." 2022 WL 170636, at *2. So too, here, the Court raised "precisely these concerns" in its Order. *Id.*; *see infra* 4, n. 2 & 6-7. *See also Marjanian v. Allied Nevada Gold Corp.*, No. 3:14-cv-0175-LRH-WGC, 2015 WL 128691, at *7-8 (D. Nev. 2015) (denying motion to reconsider lead plaintiff appointment where movant "failed to produce new evidence" that would make the movant the presumptive lead plaintiff).   Accordingly, the Unrelated Group's Motion should be denied here too.

9

### III. THE UNRELATED GROUP'S NEW ARGUMENT TO DISAGGREGATE THE GROUP IS NEITHER "CLEAR ERROR" NOR APPROPRIATE FOR RECONSIDERATION

The Unrelated Group argues for the first time in its Motion that the Court could have disaggregated the group and appointed NPS individually. This argument is impermissible now, is not an example of "clear error", and only further demonstrates the lawyer-driven nature of the Unrelated Group and its Motion.

A motion for reconsideration is not a vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The Unrelated Group could have, but never did, indicate in sworn declarations or elsewhere that any of its members was willing to individually serve as lead plaintiffs until now (in a reconsideration brief written by lawyers). Moreover, the Kirios repeatedly argued this very point, inviting a response, which the Unrelated Group repeatedly ignored. *See* Opp'n at 4-5, 15; Reply at 2-3, 9-10. Thus, the Unrelated Group cannot ask for reconsideration on this issue which was never up for consideration in the first place. *See NG Imports, Inc. v. Createdhair Designs, LLC*, No. LA CV21-08086 JAK (RAOx), 2022 WL 19571751, at *4 (C.D. Cal. Nov. 30, 2022) ("[b]ecause some of the arguments in support of the Motion are ones that could have been raised earlier, and others repeat those previously raised and considered, Plaintiff has not carried its burden to demonstrate that reconsideration is warranted") (citing *Sound View Innovations, LLC v. Hulu, LLC*, No. LA CV17-04146 JAK (PLAx), 2020 WL 5356698, at *5 (C.D. Cal. June 18, 2020) ("newly-raised arguments [that] could have been made in … original briefing" must be rejected)).[5]

---

[5] The Unrelated Group's citations to *Mannkind Sec. Actions*, No. CV11-00929 GAF (SSx), 2011 WL 13218021, at *4-6 (C.D. Cal. Apr. 27, 2011) and *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008) are inapplicable because in both of those cases, unlike here, the members of the groups who were appointed had requested to be appointed individually.

Nevertheless, the Unrelated Group's argument is fundamentally wrong and cannot even establish "clear error" here because, as this Court already knows, courts are not required to disaggregate failed groups and treat defunct group members as individual movants (especially when they never expressed a willingness to serve individually). In *Fintech*, this Court rejected a two-member group as inadequate and declined to appoint either group member individually where each member had a larger financial interest than the movant ultimately appointed. *See* 2024 WL 387261, at \*2-3, 6 (group movants had $170,885 and $206,736; movant appointed had $96,178). *Fintech* is consistent with other decisions on this issue. *See*, *e.g.*, *In re Stitch Fix*, 393 F. Supp. 3d. at 835-6 (declining to consider group members on an individual basis after denying group's motion and group members did not request individual consideration); *Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) (court would not consider whether individual group members could be appointed as lead plaintiff as there were no separate individual motions).

Finally, the Unrelated Group's decision to abruptly throw Indiana by the wayside now should only further confirm the lawyer-driven nature of the Unrelated Group and its Motion. Counsel for the Unrelated Group have shown their true colors: they are willing to try to secure a leadership position for themselves at any cost. Indeed, the willingness to abandon the group now is, in and of itself, additional grounds for finding inadequacy. *See Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at \*4 (D. Ariz. Apr. 7, 2008) ("[t]he Farrukh Group moved for lead plaintiff as a group and will be evaluated as such. The willingness to abandon the group only suggests how loosely it was put together"; Farrukh Group members, unlike the Unrelated Group, had also asked to be considered individually in the alternative).

11

**CONCLUSION**

For the foregoing reasons, the Unrelated Group's motion for reconsideration should be denied in its entirety.

12

Dated: November 19, 2024      Respectfully submitted,

**THE BURKE LAW FIRM**

/s/ Timothy J. Burke
  Timothy J. Burke (SBN #181866)
  1001 Wilshire Drive, #2187
  Los Angeles, CA 90017
  (302) 984-7199 (phone)
  (302) 602-6589 (fax)
  tim.burke@burke-law-firm.com

*Local Counsel for Lead Plaintiffs Kamil Kirio and Nada Badr-Kirio and Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
Jeffrey R. McEachern
10 East 40th Street
New York, NY  10016
(212) 779-1414 (phone)
(212) 779-3218 (fax)
lhasson@bernlieb.com
seidman@bernlieb.com
jmceachern@bernlieb.com

*Counsel for Lead Plaintiffs Kamil Kirio and Nada Badr-Kirio and Lead Counsel for the Proposed Class*

13

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

The undersigned, counsel of record for Lead Plaintiffs Kamil Kirio and Nada Badr-Kirio, certifies that this brief contains 3,808 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 19, 2024

/s/ Timothy J. Burke

_____
Timothy J. Burke (SBN #181866)

14