HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (Bar. No. 139304)
reed@hbsslaw.com
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

*Liaison Counsel for Proposed Lead Plaintiff*

LABATON KELLER SUCHAROW LLP
Eric J. Belfi (admitted *pro hac vice*)
ebelfi@labaton.com
Francis P. McConville (admitted *pro hac vice*)
fmcconville@labaton.com
Hui Chang (*pro hac vice* forthcoming)
hchang@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Proposed Lead Plaintiff and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RIVIAN AUTOMOTIVE, INC., ROBERT J. SCARINGE, and CLAIRE MCDONOUGH, <br><br> Defendants. | Case No. 2:24-cv-04566-CBM-PVC <br><br> CLASS ACTION <br><br> REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS <br><br> Date: January 7, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8D <br> Judge: Hon. Consuelo B. Marshall |

## I.   INTRODUCTION

Now that counsel for the Kirios have filed an amended complaint (the "Amended Complaint," ECF No. 58), it is clear that the Pension Funds and the Class face irreparable injury if the Action is not stayed until the Motion for Reconsideration is resolved.[1]  The Amended Complaint demonstrates that the Kirios have failed to oversee the type of robust investigation needed to effectively prosecute claims under the PSLRA.  The filing of the Amended Complaint also demonstrates the complete lack of coordination between the Kirios and their counsel.  The Kirios' PSLRA-required certification was filed late and included previously undisclosed transactions that should have appeared in the Kirios' first-filed certification.  Thus, it appears the Kirios are not adequately overseeing their counsel.

If the stay is not granted, the Pension Funds and the Class will be irreparably injured because their claims will stand or fall based solely on this inadequate representation.  On the other hand, staying the Action would not harm any parties, and would serve the PSLRA's purpose of assuring that the typical and adequate investor with the largest financial interest serves as Lead Plaintiff.  For these reasons, and because the Motion for Reconsideration is likely to succeed on the merits, the Action should be stayed.

## II.   ARGUMENT

### A.   The Motion for Reconsideration Is Likely to Succeed on the Merits

The Action should be stayed because the Motion for Reconsideration is likely to succeed on the merits.  As the Pension Funds have argued (ECF No 55-1 at 3-4) the Lead Plaintiff Order failed to consider the full breadth of adequacy evidence

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from the Pension Funds' initial Motion for Stay of Proceedings.  *See* ECF No. 55.  All citations are omitted and emphasis added, unless noted.

submitted by the Pension Funds. Despite the Kirios' framing, the Pension Funds do not argue that the Court was required to reference all the evidence submitted by the parties in the Lead Plaintiff Order. ECF No. 59 at 5. Instead, the Pension Funds argue that the evidence they have provided clearly meets any *prima facie* adequacy standard employed by courts in the Ninth Circuit. *See* ECF No. 54 at 1-6. If the Court had considered the totality of that evidence, the Lead Plaintiff Order would have found the Pension Funds adequate. Even if the Court did not need to reference all the evidence supporting the Pension Funds' appointment, it did need to "consider material facts presented to the Court." L.R. 7-18. The Lead Plaintiff Order failed to do so. Case law cited by the Kirios does not hold differently. In *Bazarganfard v. Club 360 LLC*, the party moving for reconsideration had not even cited evidence supporting its position in the underlying motion. 2024 WL 3191226, at *3 (C.D. Cal. May 23, 2024). In contrast, the Pension Funds have consistently cited to the full factual record before the Court in arguing for their appointment. *See* ECF No. 45 at 2-8.

Further, the Motion for Reconsideration is likely to succeed because the *prima facie* adequacy standard was inconsistently applied to the Pension Funds and the Kirios. The Kirios argue that because they are a married couple, they do not have to provide the same robust adequacy showing as the Pension Funds. ECF No. 59 at 6. But it is indisputable that married couples such as the Kirios must make a *prima facie* adequacy showing. *Karp v Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (rejecting married lead plaintiff movants because the movants had failed to provide evidence of adequacy). As the Pension Funds have repeatedly shown, the Kirios have failed to make any such showing (ECF No. 54 at 7-9) and continue to fail to do so. For instance, to adequately represent the Class, the Kirios must coordinate to oversee their counsel. The Amended Complaint shows they have failed to do so. One day after the deadline to file the Amended Complaint,

the Kirios filed a "Notice of Errata" including a new certification which one Kirio signed on December 9 and the other signed on December 10.  ECF No. 58.  If the Kirios were coordinated in overseeing their counsel, why was this certification signed on two separate dates then submitted after the deadline to file the Amended Complaint had passed?

The Kirios' cited caselaw also does not support their contention that the Pension Funds were required to make a higher adequacy showing than the Kirios. ECF No. 59 at 6.  In *Kinney v. Capstone Turbine Corp.*, the court refused to aggregate the losses of a group of four individual investors, and found another group had a larger financial interest.  2016 WL 5341948, at *3 (C.D. Cal. Feb. 29, 2016). Aggregation is simply irrelevant here.  The Pension Funds need not aggregate their losses to have a far larger financial interest than the Kirios as either of its constituent members has a larger financial interest independently.  *See* ECF No. 51-1 at 1. Therefore, *Capstone Turbine Corp.* is inapposite and the Motion for Reconsideration is likely to succeed.

**B.      The Pension Funds and the Class Face Irreparable Injury if the Action Proceeds with an Inappropriate Lead Plaintiff**

The Amended Complaint provides evidence that the Kirios have failed to effectively prosecute the Action, making it clear that the Pension Funds and the Class will suffer irreparable injury if the Action is not stayed.

*First*, the Amended Complaint demonstrates that the Kirios and their counsel have failed to develop any of the necessary evidence required to meet the strict pleading standards of cases brought under the PSLRA.  As the Pension Funds have explained, the PSLRA imposes "'exacting pleading requirements' on private securities fraud complaints." *In re Dermtech, Inc. Sec. Litig.*, 2024 WL 4941026, at *4 (S.D. Cal. Dec. 2, 2024); ECF No. 55-1 at 5-6.  To meet this pleading standard, Lead Plaintiff and its counsel must conduct a robust investigation to develop a strong

factual record, which frequently includes evidence obtained from non-public sources such as confidential witnesses. *See, e.g., Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 341 (S.D.N.Y. 2011) ("It is, of course, entirely proper and common for a plaintiff to rely on confidential witnesses in a complaint, and attributions to such witnesses may and often are credited on motions directed to the pleadings."). Such evidence only serves to support plaintiffs' claims "where the confidential witnesses are described with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *Strezsak v. Ardelyx Inc.*, 2024 WL 4194797, at *5 (N.D. Cal. Sept. 12, 2024).

The Amended Complaint utterly fails to meet the PSLRA's exacting standard. It seems to entirely rely on public information and lacks any of the evidence, such as interviews with former Rivian employees, critical to surviving a motion to dismiss in PSLRA cases. The Amended Complaint claims "Lead Plaintiffs have . . . conducted interviews of former Rivian employees with information pertaining to this matter." ECF No. 58 at 1. This claim is not supported by any specific citations to such interviews and employees. In fact, there are no details about any information provided by any former employees of Rivian anywhere in the Amended Complaint, or any details about these former employees.

In contrast, the Pension Funds have been overseeing their counsel's investigation since April 2024. ECF No. 55-1 at 5. After contacting 188 individuals, this investigation has identified twelve individuals with information that can be used to support plaintiffs' claims. *Id.* at 5-6. The Pension Funds have instructed their counsel to use this information in an amended complaint once they are appointed Lead Plaintiff. If the Action is not stayed, then the Class' claims will have to live or die by the Kirios' Amended Complaint and their wholly insufficient investigation.

4

*Second,* the Kirios' inadequacy and their inability to effectively oversee their counsel is further highlighted by the bizarre way the Amended Complaint was filed. First, on the December 10, 2024 deadline, counsel for the Kirios filed the Amended Complaint.  ECF No. 57.  This complaint ignored the PSLRA's requirement that plaintiffs file a certification disclosing all transactions in relevant securities.  15 U.S.C. 78u-4(a)(2).  Then, the next day, the Kirios' counsel filed a "Notice of Errata" to the complaint.  ECF No. 58.  The only change made in this subsequent filing seems to be adding the required certification.  However, according to that certification, each of the Kirios signed the certification by the December 10, 2024 deadline.  If the certification was signed by the deadline, why was it not timely filed? The Kirios do not explain, and this delay adds to the concerning questions about the Kirios' coordination with their counsel.  If the certification was signed on time, why wasn't it filed on time?  Did the Kirios have trouble getting in touch with their counsel?  Are the Kirios in regular communications with their counsel?  Did the Kirios know about the December 10, 2024 deadline?  Did they review the pleading prior to its submission?

The Kirios also do not explain why this certification includes transactions not disclosed in their original certification.  Specifically, the new certification (ECF No. 58) contains two transactions on August 8, 2023 where the Kirios purchased a total of 1,800 shares of Rivian securities which were excluded from the Kirios original certification.  ECF No. 28-2.  The relevant period for the purposes of that original certification was August 12, 2022 to February 21, 2024.  ECF No. 1 at 2; ECF No. 29 at 1.  Thus, the August 8, 2023 transactions were required to be disclosed in that original certification.  The Kirios offer absolutely no explanation for why their original certification excluded required transactions and why it took almost four months to correct that error.  Courts frequently reject Lead Plaintiff movants with substantial omissions in their filed certifications. *Rodriguez v. DraftKings Inc.*, 2021

WL 5282006, at *5 (S.D.N.Y. Nov. 12, 2021) (rejecting lead plaintiff movant largely due to "omissions in his PSLRA certification"); *Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (rejecting married lead plaintiff movants in part because the court was "disquieted by the errors contained in the [movants'] original submissions").

As the Kirios well know, the deadline to file their certification supporting their motion for Lead Plaintiff appointment was July 30, 2024. *See* ECF No. 29 at 4-5. The Kirios neglected to fix this issue until December 11, 2024, over four months after the certification was originally due and a full day after their deadline to file the Amended Complaint had lapsed. This again indicates a lack of coordination between the Kirios and their counsel. The Kirios' failure to effectively complete this basic PSLRA requirement calls into question their ability to direct counsel in effectively prosecuting the Action.

*Finally*, besides the late certification, the Kirios have continued to be completely silent throughout months of contentious litigation. If their counsel is correct and they are fully capable of directing counsel and overseeing this Action, why not speak up and assuage this worry? The Kirios appear to be precisely the type of inactive, figurehead the PSLRA sought to prevent from becoming Lead Plaintiff. Therefore, the Pension Funds and the Class would be harmed if the Action continued without the Motion for Reconsideration being resolved with the appointment of the appropriate, statutorily required Lead Plaintiff.

### C.    No Party Would be Injured by a Stay

In contrast to the irreparable injury the Pension Funds would suffer if this stay motion is rejected, the issuance of a stay would only briefly delay the Action's proceedings and would in no way injure the other parties in this proceeding. In fact, as explained above, the Kirios would benefit if the Pension Funds were appointed because, as Class members, their claims would be supported by the evidence obtained in the investigation conducted by the Pension Funds and their counsel.

6

The Kirios claim they would be harmed by a stay because the Action's proceedings would be delayed. ECF No. 59 at 9. Such delays do not constitute injury. *See Weil v. Raisin City Elementary Sch. Dist.*, 2024 WL 3204266, at *2 (E.D. Cal. June 27, 2024) (finding that a "brief delay to allow for resolution of this motion will not cause substantial prejudice"); *Jones v. Sanofi US Servs. Inc.*, 2018 WL 6842605, at *1 (C.D. Cal. Nov. 19, 2018) ("No harm should result from a brief delay."). The Kirios also argue they would be harmed by a stay because a stay would "distract precious resources away from the real objective here." ECF No. 59 at 9. Of course, a stay would not drain the resources of any party as it would merely pause the proceedings while the Court considers the fully briefed Motion for Reconsideration. No party would need to expend resources on this case in the meantime. Therefore, no party would be harmed by a stay.

### D. The PSLRA's Policy Preference for Sophisticated Institutional Lead Plaintiffs Clearly Favors Staying the Action

The public interest weighs heavily in favor of a stay because the purpose of the PSLRA was to avoid appointing figurehead Lead Plaintiffs which, as discussed above, the Kirios appear to be. A stay would ensure the Class is not represented by such figureheads while the Court resolves the Motion for Reconsideration. Therefore, the public interest weighs in favor of a stay.

## III. CONCLUSION

The Pension Funds respectfully request that the Court enter an Order staying proceedings in this Action pending resolution of the Motion for Reconsideration.

DATED: December 24, 2024          Respectfully submitted,

                                 /s/ *Lucas E. Gilmore*
                                 Lucas E. Gilmore
                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                 Reed R. Kathrein (Bar. No. 139304)

7

reed@hbsslaw.com
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

HAGENS BERMAN SOBOL SHAPIRO LLP
Christopher R. Pitoun (Bar. No. 290235)
christopherp@hbsslaw.com
301 North Lake Avenue
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

*Liaison Counsel for Proposed Lead Plaintiff*

LABATON KELLER SUCHAROW LLP
Eric J. Belfi (admitted *pro hac vice*)
ebelfi@labaton.com
Francis P. McConville (admitted *pro hac vice*)
fmcconville@labaton.com
Hui Chang (*pro hac vice* forthcoming)
hchang@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore

HAGENS BERMAN SOBOL SHAPIRO LLP
Lucas E. Gilmore (Bar No. 250893)
lucasg@hbsslaw.com
301 North Lake Avenue
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

9