**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC. ROBERT J. SCARINGE, and CLAIRE MCDONOUGH,<br><br>　　　Defendants. | Case No.:  2:24-cv-04566-CBM-PVC<br><br>**ORDER RE: MOTION FOR RECONSIDERATION OF ORDER APPOINTING KAMIL KIRIO AND NADA BADR-KIRIO AS LEAD PLAINTIFFS** |

The matter before the Court is National Pension Service's[1] Motion for Reconsideration of the Court's Order Appointing Kamil Kirio and Nada Badr-Kirio (collectively, the "Kirios") as Lead Plaintiffs.  (Dkt. No. 51.)

## I.　　BACKGROUND

On May 31, 2024, Plaintiff Indiana Public Retirement System ("IPRS") filed putative securities fraud class action asserting the following two causes of action:  (1) violations of Section 10(b) of the Securities Exchange Act (the "Act") and Rule 10b-5; and (2) violations of Section 20(a) of the Act.  On October 24, 2024, the Court granted the Kirios' Motion to be appointed as lead plaintiffs, and denied Pension Funds competing motion to be appointed as lead plaintiffs.  (Dkt.

---

[1] NPS's motion is brought on behalf of the National Pension Fund ("NPS") and Plaintiff Indiana Public Retirement System (collectively, "Pension Funds").

1

No. 49 (the "October 24, 2024 Order").)  Pension Funds now moves for reconsideration of the October 24, 2024 Order pursuant to Fed. R. Civ. P. 60(b) and Local Rule 7-18.

## II.    STATEMENT OF THE LAW

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Local Rule 7-18 provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

## III.    DISCUSSION

Pension Funds argues reconsideration of the Court's October 24, 2024 Order is warranted because the Court committed clear error by concluding Pension Funds failed to make a prima facie showing of adequacy.  Pension Funds contends the Court failed to consider the "prosecutorial procedures" established by

Pension Funds in finding Pensions Funds did not satisfy Fed. Rule of Civil Procedure 23's adequacy requirement and "holds the Pension Funds to a far higher standard than merely whether they have conflicts with other class members and will vigorously prosecute the Action." However, "as with any other movant for lead plaintiff, a plaintiff group must be able to establish that it satisfies the adequacy requirement, i.e., that the group will 'fairly and adequately protect the interests of the class.'" *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6 (N.D. Cal. Dec. 16, 2019) (citing Fed. R. Civ. P. 23(a)(4)). "For plaintiff groups, courts consider as part of the adequacy analysis whether the group will be able to function cohesively to monitor counsel and make critical litigation decisions as a group. Those courts find that a group of unrelated plaintiffs fails to satisfy the adequacy requirement where the group does not sufficiently demonstrate that it can adequately monitor counsel and make important decisions together." *Id*. (citing *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *7-*9 (N.D. Cal. Aug. 22, 2008)). Moreover, in assessing adequacy, the Court may consider the lack of a pre-litigation relationship. *See In re Mersho*, 6 F. 4th 891, 901 (9th Cir. 2021) ("Many district courts have considered the lack of a pre-litigation relationship as part of their adequacy analysis at step two because it may indicate that members may not work together well to vigorously prosecute the litigation or they might not be able to control counsel.").

Pension Funds also argues the Court ignored evidence in NPS and IPRS's joint declaration regarding the established procedures Pension Funds had for prosecuting this lawsuit, such as the statement in their joint declaration that they "have directed counsel to advise us of all developments during the lead plaintiff motion process as well as to provide us with updates regarding counsel's ongoing investigation," and that they will "actively oversee the prosecution of this Action for the benefit of the proposed class by reviewing pleadings, holding joint calls with and without counsel as needed, among other things," and that they "have

instructed counsel to provide us with monthly or quarterly updates on the progress of the litigation, or as frequently as is otherwise necessary." (Dkt. No. 36-2 at ¶ 12.) However, the Court considered NPS and IPRS's joint declarations and noted in its October 24, 2024 Order:

> The joint declarations state NPS and IPRS are "like-minded organizations with similar fiduciary duties to our members" and "separately and collectively consulted with our counsel, and independently decided to join together to file a joint motion for appointment as Lead Plaintiff," they decided to file a joint motion after they "discussed with counsel the possibility of working together," they had one joint conference call on July 29, 2024 during which they "discussed the Rivian litigation and our objectives for jointly prosecuting this important case," the "procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from our supervision of counsel," and state generally "[w]e will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel in order to ensure that the litigation is prosecuted in the best interests of the class," that they "have established procedures for overseeing the progress of the litigation and communicating both separate and apart from and with counsel as necessary," and that they "will also, as necessary, confer with and without counsel to ensure that we are able to make timely decisions and have a mechanism to resolve any disagreement regarding the prosecution of the Action." (Joint Decl. ¶¶ 6, 9, 10; Suppl. Joint Decl. ¶¶ 9, 10.)

(October 24, 2024 Order at 5.)   The Court found "Pension Funds does not provide other information on how NPS and IPRS will resolve disagreements or specific, substantive information on how they will jointly manage the case," and therefore concluded "the joint declarations fail to demonstrate NPS and IPRS 'will be able to function cohesively to monitor counsel and make critical litigation decisions as a group.'" (*Id*. (quoting *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6).)  Because the joint declarations contained only conclusory and boilerplate assurances that Pension Funds' members would work together to oversee the litigation and did not provide any information regarding whether the members had a pre-litigation relationship, the Court found Pension Funds failed to make a prima facie showing that Rule 23's adequacy requirement was satisfied. (*Id*. at 5-6 (citing *Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *4 (C.D. Cal. Jan. 30, 2024); *Lako v. Loandepot, Inc.*, 2022 WL 1314463, at *6 (C.D. Cal. May 2,

2022); *In re Cloudera, Inc. Sec. Litig.,* 2019 WL 6842021, at *6-*8; *Isaacs v. Musk,* 2018 WL 6182753, at *3 (N.D. Cal. Nov. 27, 2018); *In re Silicon Storage Tech., Inc., Sec. Litig.,* 2005 WL 8186824, at *9 (N.D. Cal. May 3, 2005)).)

Pension Funds also argues the Court committed clear error because it found the Kirios satisfied the adequacy requirement even though the Kirios provided no evidence of their own procedures for the litigation.  Pension Funds contends the Kirios' "complete absence thus far in the Action" shows the Kirios do not meet the "*prima facie* adequacy standard," whereas Pension Funds has made a "more robust adequacy showing."  However, unlike Pension Funds, the Kirios are family members with a pre-litigation relationship (*see* Dkt. 28-2; Dkt. No. 29 at 3; Dkt. No. 46 at 4), and there is nothing before the Court demonstrating the Kirios were grouped together solely for purposes of this litigation.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) (noting the proper "group" permitted to be appointed as lead plaintiffs "has a meaningful relationship preceding the litigation, and is united by more than the mere happenstance of having bought the same securities," and that "[t]he classic example of such a group would be a partnership, which has no separate legal identity, but shares in both assets and liabilities[,] . . . the various subsidiaries of a corporation, or members of a family").

Pension Funds also contends the Court should have considered NPS individually for appointment as lead plaintiff if it found Pension Funds were collectively inadequate to be appointed as lead plaintiffs because courts have the authority to appoint single members of movant groups as lead plaintiff and NPS has greater losses than the Kirios, citing *Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187 (S.D.N.Y. 2011).  However, *Pipefitters*' procedural posture is inapposite.  In *Pipefitters*, the district court rejected the argument raised by competing movants that the Pennsylvania Public School Employees' Retirement System ("PERS") was "procedurally barred" from

being appointed as lead plaintiff because PSERS had initially filed a joint motion with Forsta AP–Fonden ("AP1") and PERS "did not file a motion individually after AP1 withdrew," reasoning "[c]ourts routinely select individual members of a proposed lead plaintiff group to serve as lead plaintiff." *Id*. at 192. Here, NPS and IPRS filed a joint motion on behalf of NPS and IPRS to be jointly appointed as lead plaintiffs (Dkt. No. 24), and IPRS did not withdraw from consideration to be jointly appointed as lead plaintiff with NPS. Neither Pension Funds nor NPS moved for NPS to be appointed as sole lead plaintiff. Even after the Kirios raised the issue of NPS and IPRS's lack of a pre-litigation relationship, Pension Funds did not request that NPS be appointed as sole lead plaintiff in the event the Court found Pension Funds were collectively inadequate to be appointed as lead plaintiff. Pension Funds does not identify anything in the record before the Court at the time the underlying motions to be appointed as lead plaintiff were fully briefed demonstrating NPS was willing to individually serve as lead plaintiff. Moreover, none of the authorities relied on by Pension Funds support their contention that the Court committed clear error by failing to *sua sponte* consider the appointment of one member of a group where a member of the group had not requested to be individually appointed as lead plaintiff, and no member of the group had withdrawn from consideration to be appointed jointly as lead plaintiffs.[2] *See In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835-36 (N.D. Cal. 2019) ("declin[ing] to aggregate the Stitch Fix Investor Group members' losses or to consider their individual losses" where "[t]he group members have not requested individual consideration"); *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *4 n.3

---

[2] *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, (N.D. Cal. July 26, 2022), and *In re Mersho*, 6 F.4th 891 (9th Cir. 2021), cited by Pension Funds in their reply, do not support the Court *sua sponte* appointing NPS as lead plaintiff here. Neither decision involve the court *sua sponte* appointing one member of a group as lead plaintiff where the member had not moved to be individually appointed. Moreover, unlike in *In re Mersho*, here, the Court determined under step two of the analysis that Pension Funds failed to make a prima facie showing of adequacy.

(S.D.N.Y. Mar. 27, 2019) (holding "Wan Group's members fail to meet their burden of showing that aggregating them as lead plaintiffs is appropriate, and therefore their motion for appointment as lead plaintiffs is DENIED," and noting "[t]here are no separate motions to appoint any member of the Wan Group as lead plaintiff on an individual basis. As such, this Court does not consider whether each individual member of the Wan Group could be appointed as lead plaintiff.").

## IV.   CONCLUSION

Accordingly, Pension Funds fails to demonstrate clear error by the Court, failure of the Court to consider material facts, or any other basis warranting reconsideration of the October 24, 2024 Order appointing the Kirios as lead plaintiffs pursuant to Local Rule 7-18 or Federal Rule of Civil Procedure 60(b). Therefore, the Court **DENIES** Pension Funds' Motion for Reconsideration.

Having denied the Motion for Reconsideration, Pension Funds' Motion for Stay of Proceedings "pending disposition of the motion for reconsideration" (Dkt. No. 55) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED:  January 2, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE