JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
HANNA M. LAURITZEN (CA SBN 339895)
HLauritzen@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendants*
RIVIAN AUTOMOTIVE, INC., ROBERT J.
SCARINGE, and CLAIRE MCDONOUGH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., ROBERT J. SCARINGE, and CLAIRE MCDONOUGH,<br><br>Defendants. | Case No. 2:24-cv-04566-CBM-PVC<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE**<br><br>Date: February 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Hon. Consuelo B. Marshall<br><br>Action Filed: May 31, 2024<br>Trial Date: None set |

DEFENDANTS' REQUEST FOR
CONSIDERATION AND JUDICIAL NOTICE

1

CASE NO.: 2:24-cv-04566-CBM-PVC

Defendants Rivian Automotive, Inc. ("Rivian" or the "Company"), Robert J. Scaringe and Claire McDonough (the "Individual Defendants," and together with Rivian, "Defendants") have moved to dismiss Lead Plaintiffs' Amended Complaint, Dkt. No. 57 (the "Complaint"). In support of their Motion, Defendants request that the Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of David J. Wiener (the "Wiener Declaration").

## ARGUMENT

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the Complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008). "If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd. v. Martin*, No. C 10-02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir.1994)).

A court must also consider "matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

**Exhibits 1-24** meet both of the foregoing standards, as discussed below. Accordingly, this Court should consider these documents when ruling on Defendants' Motion to Dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

## I.  THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.

The Court must consider documents incorporated by reference in the Complaint.  *Tellabs*, 551 U.S. at 322.  A document is incorporated into a complaint if the document is referred to extensively.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  Separately, a document may be incorporated by reference into a complaint even if the complaint does not mention the document at all.  *Id.*  Where a claim necessarily depends on the contents of a document, that document is properly incorporated by reference into the complaint whether mentioned in the complaint or not.  *Id.*  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Further, the Ninth Circuit and Supreme Court have cautioned that alleged misstatements "must be analyzed in context."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996).  Plaintiffs must demonstrate that a factual omission would cause a reasonable person to be misled if the alleged misstatements are read "fairly and in context," i.e., "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information," as well as "the customs and practices of the relevant industry."  *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015).  For this additional reason, documents purported to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Plaintiffs cite and refer to **Exhibits 1-24** in the Complaint.  **Exhibits 1-3, 5-8, and 10-24** are documents from which Plaintiffs have excerpted certain of the challenged statements.  **Exhibit 4**, Rivian's Q4 2022 Shareholder Letter, and **Exhibit 9**, Rivian's Q4 2023 Shareholder Letter, contain the alleged corrective

disclosures to Rivian's 2023 and 2024 production guidance, respectively. Accordingly, the Court should consider the contents of these documents, all of which are incorporated by reference into the Complaint, as summarized in the following table:

| Ex. | Description | Complaint ¶¶ |
|---|---|---|
| 1 | Rivian's Form 10-K, Annual Report for FY 2022, as filed with the SEC on February 28, 2023 | 155-156 |
| 2 | Rivian's Form 10-Q, Quarterly Report for Q2 2022, as filed with the SEC on August 11, 2022 | 135, 138-139 |
| 3 | Transcript of Rivian's earnings call held August 11, 2022, regarding results of Q2 2022 | 140-143 |
| 4 | Rivian's Q4 2022 Shareholder Letter | 7, 60, 154 |
| 5 | Rivian's Form 10-Q, Quarterly Report for Q3 2022, as filed with the SEC on November 9, 2022 | 147-148 |
| 6 | Rivian's Form 10-Q, Quarterly Report for Q1 2023, as filed with the SEC on May 9, 2023 | 176-177 |
| 7 | Rivian's Form 10-Q, Quarterly Report for Q2 2023, as filed with the SEC on August 8, 2023 | 190-191 |
| 8 | Rivian's Form 10-Q, Quarterly Report for Q3 2023, as filed with the SEC on November 7, 2023 | 202-204 |
| 9 | Rivian's Q4 2023 Shareholder Letter | 120, 207-208 |
| 10 | Transcript of Rivian's earnings call held on November 9, 2022, regarding results of Q3 2022 | 149-151 |
| 11 | Rivian's Q2 2022 Shareholder Letter | 136-137 |
| 12 | Rivian's Q3 2022 Shareholder Letter | 145-146 |
| 13 | Transcript of Rivian's earnings call held on February 28, 2023, regarding results of Q4 2022 | 157-167 |
| 14 | Rivian's Q1 2023 Shareholder Letter | 172-174 |
| 15 | Transcript of Rivian's earnings call held on May 9, 2023, regarding results of Q1 2023 | 178-179 |
| 16 | Rivian's Q2 2023 Shareholder Letter | 188-189 |
| 17 | Transcript of Rivian's earnings call held on August 8, 2023, regarding results of Q2 2023 | 192-193 |

| 18 | Transcript of Rivian's earnings call held on November 7, 2023, regarding results of Q3 2023 | 205-206 |
| 19 | Transcript of Rivian's presentation at the Redburn 2022 CEO conference held on November 29, 2022 | 152-153 |
| 20 | Transcript of Rivian's presentation at the Bank of America Global Automotive Summit held on April 4, 2023 | 169-170 |
| 21 | Transcript of Rivian's presentation at the Sanford C. Bernstein Strategic Decisions Conference held on June 2, 2023 | 180-184 |
| 22 | Transcript of Rivian's presentation at the Deutsche Bank Global Auto Industry Conference held on June 15, 2023 | 185-186 |
| 23 | Transcript of Rivian's presentation at the Goldman Sachs Communacopia & Technology Conference held on September 7, 2023 | 194-197 |
| 24 | Transcript of Rivian's presentation at the Morgan Stanley Laguna Conference held on September 14, 2023 | 198-201 |

## II.    THE COURT SHOULD ALSO CONSIDER CERTAIN DOCUMENTS BECAUSE THEY ARE SUBJECT TO JUDICIAL NOTICE.

### A.    The Court Should Take Judicial Notice of SEC Filings.

**Exhibits 1, 2, and 5-8** to the Wiener Declaration are Rivian's SEC filings, as described above.[1]   The Court may take judicial notice of the contents of Rivian's SEC filings.  *See Metzler*, 540 F.3d at 1064 & n.7 (holding it is proper to take judicial notice of SEC filings); *Wyatt v. Mattel, Inc.*, No. CV-19-1646-CBM-MAA(x), 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020) (taking judicial notice of SEC filing).  Because the SEC filings are publicly available, the Court can take

---

[1] **Exhibits 1, 2, and 5-8** are also incorporated by reference into the Complaint. Judicial notice provides an additional, independent ground to consider these documents.

judicial notice of each SEC filing and the fact that the information therein was disclosed to investors. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

Accordingly, the Court should take judicial notice of the SEC filings attached to the Wiener Declaration as **Exhibits 1, 2, and 5-8.**

**B. The Court Also Should Take Judicial Notice of Rivian's Communications with Its Investors.**

**Exhibits 3-4 and 9-24** to the Wiener Declaration are documents containing Rivian's communications to its investors, including shareholder letters and transcripts of earnings or other conference calls.[2]  These Exhibits are subject to judicial notice.

Like SEC filings, investor conference call transcripts and investor communications published on a company's website are publicly available.  It is proper for the Court to take judicial notice that the "market was aware of the information" contained in the public documents. *Heliotrope*, 189 F.3d at 981 n.18. For that reason, courts routinely take judicial notice of these materials "to show disclosure of information." *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (taking judicial notice of conference call statements, analyst reports, and news articles) (citation omitted); *see also Metzler*, 540 F.3d at 1064 n.7 (courts may take judicial notice of "publicly available financial documents"); *Wyatt*, 2020 WL 364324, at *3 (taking judicial notice of analyst meeting transcript); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of earnings call transcripts and presentations made to investment analysts).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court

---

[2] **Exhibits 3-4 and 9-24** are also incorporated by reference into the Complaint. Judicial notice provides an additional, independent ground for the Court to consider these documents.

consider and/or take judicial notice of the contents of the documents attached as **Exhibits 1-24** to the Wiener Declaration.

Dated: January 7, 2025

MORRISON & FOERSTER LLP

By:  */s/ Jordan Eth*
     Jordan Eth

*Attorneys for Defendants*
RIVIAN AUTOMOTIVE, INC.,
ROBERT J. SCARINGE, AND
CLAIRE MCDONOUGH