JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
CHRISTINA E. DIEROLF (CA SBN 335258)
CDierolf@mofo.com
HANNA M. LAURITZEN (CA SBN 339895)
HLauritzen@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  415.268.7000
Facsimile:   415.268.7522

*Attorneys for Defendants*
RIVIAN AUTOMOTIVE, INC., ROBERT J.
SCARINGE, and CLAIRE MCDONOUGH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., ROBERT J. SCARINGE, and CLAIRE MCDONOUGH,<br><br>Defendants. | Case No. 2:24-cv-04566-CBM-PVC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  November 25, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Hon. Consuelo B. Marshall<br><br>Action Filed:  May 31, 2024<br>Trial Date:  None set |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................1

ARGUMENT ....................................................................................................3

I.    THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFFS FAIL TO PLEAD FALSITY UNDER THE NINTH CIRCUIT'S RECENT DECISION IN *SNEED*.................................3

    A.    Plaintiffs Incorrectly Attempt to Narrow the Ninth Circuit's Published Decision in *Sneed*.................................................................3

    B.    Plaintiffs Do Not Contest Defendants' Showing that Rivian Disclosed the Facts that Plaintiffs Allege Rendered the Challenged Statements Misleading.....................................................4

    C.    Plaintiffs' Procedural Objections Are Baseless......................................5

    D.    Plaintiffs' Accusations of "Delay" Are Baseless...................................7

CONCLUSION ..................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AGS, Inc. Sec. Litig.*,
No. 2:20-CV-1209 JCM (NJK), 2024 WL 581124 (D. Nev. Feb. 12, 2024), *aff'd* 2025 WL 927296 (9th Cir. Mar. 27, 2025) ...............................5

*Askins v. U.S. Dep't of Homeland Security*,
899 F.3d 1035 (9th Cir. 2018) ...............................................................6

*In re Cloudera, Inc.*,
121 F.4th 1180 (9th Cir. 2024) ...............................................................5

*In re eHealth Inc. Sec. Litig.*,
No. 20-cv-02395-JST (LJC), 2023 WL 3951178 (N.D. Cal. June 12, 2023) ............................................................................................2, 8

*In re eHealth, Inc. Sec. Litig.*,
No. 20-cv-02395-JST, 2023 WL 6390593 (N.D. Cal. Sept. 28, 2023) ................................................................................................2, 5

*Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*,
353 F.3d 1125 (9th Cir. 2004) .............................................................2, 5

*In re Facebook, Inc. Sec. Litig.*,
No. 5:18-CV-01725-EJD, 2025 WL 556282 (N.D. Cal. Feb. 19, 2025) ................................................................................................6, 8

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999) ..............................................................2, 5

*Lian v. Tuya Inc.*,
No. 22 CIV. 6792 (JPC), 2025 WL 733253 (S.D.N.Y. Mar. 7, 2025) ......................................................................................................5

*Lian v. Tuya Inc.*,
No. 22-CV-06792 (JPC) (RFT), 2024 WL 1932623 (S.D.N.Y. May 2, 2024) ......................................................................................................8

*Local 272 Labor-Mgmt. Pension Fund v. Walt Disney Co.*,
  2025 WL 1461139 (C.D. Cal. May 20, 2025).....................................................6, 7

*Murphy v. Precision Castparts Corp.*,
  No. 3:16-CV-00521-SB, 2021 WL 2080016 (D. Or. May 24, 2021),
  *aff'd sub nom. AMF Pensionsforsakring AB v. Precision Castparts
  Corp.*, No. 21-35516, 2022 WL 2800825 (9th Cir. July 18, 2022) .....................7

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
  759 F.3d 1051 (9th Cir. 2014).................................................................................4

*Sneed v. Talphera, Inc.*,
  147 F.4th 1123 (9th Cir. 2025)........................................................................*passim***Other Authorities**

Ninth Cir. R. 36-2(a)-(b)..............................................................................................7

Rule 9(b) ......................................................................................................................4

Rule 12(b) ....................................................................................................................5

Rule 12(c) ...........................................................................................................*passim*

**INTRODUCTION**

Plaintiffs' Opposition ignores the dispositive issues presented by Defendants' Motion for Judgment on the Pleadings (the "Motion").

First, Plaintiffs attempt to limit the application of the Ninth Circuit's published decision in *Sneed v. Talphera, Inc.*, 147 F.4th 1123 (9th Cir. 2025) to a "narrow" subset of securities fraud cases involving "consumer-facing marketing catchphrase[s]." (Opp. at 3, 12.)  The Ninth Circuit, however, did not limit its opinion to any particular type of challenged statement.  Rather, regardless of the form in which the statements were made, the standard for falsity under the federal securities laws looks to "the perspective of the reasonable investor." *Sneed*, 147 F.4th at 1133. The court made clear that, for any statement, the federal securities laws presume that "a reasonable investor—who has money on the line—acts with care and seeks out relevant information" and "carefully scour[s] all the fine print."  *Id.* at 1131-32. Falsity can, therefore, be shown only where the challenged statement is misleading after considering the "other information the market already knew" about the company and the challenges it faced. *Id.*  As the Motion showed—and as Plaintiffs do not even contest—what "the market already knew" about Rivian's business here prevents Plaintiffs from pleading falsity.

Next, the Opposition sidesteps and makes no attempt to rebut Defendants' showing that, throughout the Class Period, Rivian disclosed to investors— repeatedly—every allegedly concealed fact.  Plaintiffs ignore the detailed disclosures Defendants identified in the Motion and instead repeat conclusory assertions that the challenged statements "spoke in confident and definitive terms" and discussed a "clear line of sight" and "clear visibility" into demand.  (Opp. at 5.)  But Plaintiffs' adverb- and adjective-laden descriptions of the challenged statements do not address Defendants' argument:  The ***facts that Plaintiffs allege rendered these challenged statements misleading were fully disclosed***.  That prevents Plaintiffs from pleading falsity under *Sneed*.

REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS

1

CASE NO.: 2:24-cv-04566-CBM-PVC

Rather than address the substance of Defendants' arguments, Plaintiffs resort to a series of baseless procedural objections. Plaintiffs characterize the Motion as a "disguised" motion for reconsideration. Not so. The Court's Order did not address—much less resolve—the arguments made in this Motion. No party, nor the Court, cited *Sneed*. The Order did not apply *Sneed*'s "reasonable investor" falsity standard or analyze the disclosures at issue in this Motion when considering the sufficiency of Plaintiffs' falsity allegations. In any event, Rule 12(c) permits filing a motion for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Courts in securities cases regularly analyze motions for judgment on the pleadings on their merits after a motion to dismiss has been denied. *See, e.g.*, *In re eHealth, Inc. Sec. Litig.*, No. 20-cv-02395-JST, 2023 WL 6390593, at *1-2 (N.D. Cal. Sept. 28, 2023) (granting judgment on the pleadings after denying in part defendants' motion to dismiss). The Ninth Circuit has affirmed judgment on the pleadings in that same posture multiple times. *See Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129, 1134 (9th Cir. 2004); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 974 (9th Cir. 1999).

Plaintiffs' argument that the "law of the case" doctrine applies likewise fails because no "law of the case" has been established. In any event, the law of the case doctrine does not deprive this Court of its discretion to revisit issues analyzed in an earlier order.

Finally, Plaintiffs accuse Defendants of filing this Motion to "delay" discovery. Plaintiffs' accusations are baseless. In a meet and confer in preparation for the upcoming case management conference, Defendants stated that this Motion triggered the Reform Act's automatic discovery stay. Numerous cases have so held. *See, e.g.*, *In re eHealth Inc. Sec. Litig.*, No. 20-cv-02395-JST (LJC), 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023). And, in any event, there has been no "delay." No discovery has even been propounded—by either party.

Defendants' Motion should be granted.

## ARGUMENT

**I.  THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFFS FAIL TO PLEAD FALSITY UNDER THE NINTH CIRCUIT'S RECENT DECISION IN *SNEED*.**

**A.  Plaintiffs Incorrectly Attempt to Narrow the Ninth Circuit's Published Decision in *Sneed*.**

As the Motion showed, judgment on the pleadings should be granted under the Ninth Circuit's recent decision in *Sneed v. Talphera, Inc.*, 147 F.4th 1123 (9th Cir. 2025).  (Mot. at 9-10.)  Plaintiffs do not dispute the standard applied in *Sneed*.  Instead, they argue that *Sneed* is limited to "narrow" and "highly distinct" factual circumstances involving a "consumer-facing marketing catchphrase."  (Opp. at 3, 11-12.)[1]  The Ninth Circuit, however, did not limit its opinion to any particular type of challenged statement, and Plaintiffs' argument makes no sense in light of the facts of *Sneed*.  *Sneed* did not involve only customer-facing marketing materials, but also ***statements made to investors by the defendant company's CEO at an investor conference.***  *Sneed*, 147 F.4th at 1129.  The Ninth Circuit expressly declined to apply a unique standard for falsity in securities cases involving pharmaceutical marketing statements.  Rather, the standard for falsity under the federal securities laws looks to "the perspective of the reasonable investor."  *Id.* at 1133 (citation omitted).

The "reasonable investor," the Ninth Circuit explained, does not accept statements in "isolation" and, instead, "cares about a statement's 'surrounding text, including hedges, disclaimers, and apparently conflicting information.'"  *Id.* at 1131 (citation omitted).  That is true regardless of whether the "reasonable investor" is presented with the statement in "marketing slogan[s]," by executives at "investor

---

[1] Plaintiffs misleadingly accuse Defendants of "skirt[ing]" the facts of *Sneed* despite the Motion specifically stating that the plaintiffs in *Sneed* ***alleged that the company's marketing slogans*** and the CEO's statements to investors about the administration of the drug were misleading."  (Opp. at 3; Mot. at 9 (emphasis added).)

conferences," or published in "blog post[s]." *See id.* at 1131-32 (discussing standard in each of these contexts).

The Ninth Circuit made clear that where the information available to the "reasonable investor" shows that "'the market already knew' about the 'difficulties facing' a company" that were purportedly concealed, a plaintiff cannot plead falsity. *Id.* at 1131-32 (citing *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014)).

**B.    Plaintiffs Do Not Contest Defendants' Showing that Rivian Disclosed the Facts that Plaintiffs Allege Rendered the Challenged Statements Misleading.**

Defendants showed that the Complaint's theory of falsity for every challenged statement relies on precisely the same five alleged facts that Defendants purportedly concealed. (Mot. at 6-7.) Defendants also showed that each of these facts was disclosed in plain language by Rivian throughout the Class Period. (Mot. at 10-16.) Plaintiffs fail to address the substance of any of the factual disclosures cited in the Motion, much less show how a reasonable investor would be misled in light of this "other information 'the market already knew' about the 'difficulties facing' a company." *Sneed*, 147 F.4th at 1131 (quoting *Intuitive Surgical, Inc.*, 759 F.3d at 1060). Under *Sneed*, because every purported "fact" Plaintiffs allege rendered the challenged statements misleading was disclosed, Plaintiffs' Section 10(b) claim fails as a matter of law.

Rather than address the facts Rivian disclosed, Plaintiffs repeatedly quote snippets of the challenged statements and characterize the challenged statements with loaded language. Plaintiffs' hand waving misses the point. Under the Reform Act and Rule 9(b), Plaintiffs cannot simply repeat the language of the challenged statements and make conclusory assertions that the statement is misleading. Plaintiffs must allege with particularity misstated or omitted facts that show "what is false or misleading about the purportedly fraudulent statement, and why it is

false." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (citation omitted).  Plaintiffs attempted to meet this pleading requirement in the Complaint by identifying five issues that were purportedly concealed by the challenged statements.  (Mot. at 6-7.)  The Opposition does not dispute the basis for the Complaint's theory of falsity and, in fact, repeats the same purportedly concealed facts.  (Opp. at 5:17-6:2.)  Because ***these same facts were fully disclosed by Rivian throughout the Class Period***, however, Plaintiffs cannot plead falsity.

### C.  Plaintiffs' Procedural Objections Are Baseless.

Plaintiffs attempt to avoid the substance of Defendants' Motion with a series of baseless procedural objections.

Plaintiffs first argue that denial of Defendants' motion to dismiss under Rule 12(b) bars Defendants from moving for judgment on the pleadings under Rule 12(c) and that the Motion should be reclassified as a "de facto" motion for reconsideration.  (Opp. at 15.)  Not so.  Defendants are entitled to move for judgment on the pleadings under Rule 12(c) at any time "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Courts in securities cases routinely rule on motions for judgment on the pleadings on their merits even after a previous motion to dismiss under Rule 12(b) has been denied. *See, e.g., In re eHealth, Inc. Sec. Litig.*, 2023 WL 6390593, at *1-2 (granting judgment on the pleadings after denying in part defendants' motion to dismiss); *In re AGS, Inc. Sec. Litig.*, No. 2:20-CV-1209 JCM (NJK), 2024 WL 581124, at *2 (D. Nev. Feb. 12, 2024) (same), *aff'd* 2025 WL 927296 (9th Cir. Mar. 27, 2025); *Lian v. Tuya Inc.*, No. 22 CIV. 6792 (JPC), 2025 WL 733253 (S.D.N.Y. Mar. 7, 2025) (same).  The Ninth Circuit has repeatedly affirmed dismissal in that same posture. *See Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F. 3d 1125, 1129, 1134 (9th Cir. 2004) (affirming judgment on the pleadings filed after district court denied motion to dismiss); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 974 (9th Cir. 1999) (same).  Even the authorities

Plaintiffs cite recognize that Defendants "have the right to file a motion for judgment on the pleadings under Rule 12(c)" after the denial of a motion to dismiss, even where "the Ninth Circuit has spoken" on the sufficiency of the complaint. *See In re Facebook, Inc. Sec. Litig.*, No. 5:18-CV-01725-EJD, 2025 WL 556282, at *2 (N.D. Cal. Feb. 19, 2025). That is especially appropriate where, as here, the Court did not address the authority or resolve the arguments presented by the Rule 12(c) motion.

The Court's Order did not address—much less resolve—the arguments made in this Motion. No party or the Court cited *Sneed* or attempted to analyze or apply its "reasonable investor" falsity standard to the disclosures at issue here. Plaintiffs cite to the Court's discussion of "risk warnings" in the Order, (Opp. at 6-7, 14:11-14:17), but ignore that the Court's discussion was in the context of whether Rivian's risk factor disclosures were sufficient to trigger, at the pleading stage, the Reform Act's Safe Harbor provision or the bespeaks caution doctrine. The Safe Harbor is not at issue in this Motion. The issue presented in this Motion is whether Plaintiffs meet the standard for pleading falsity, as applied in *Sneed*. The Court did not address the arguments or disclosures presented by the Motion (which go far beyond Rivian's risk factors) in its analysis of falsity. (Order at 4-6.) For that reason, there is no prior order on these arguments (or *Sneed*) to "reconsider."

Plaintiffs' invocation of the "law of the case" doctrine fails for the same reason. No "law of the case" has been established. In any event, the law of the case doctrine does not deprive this Court of the discretion to revisit issues analyzed in an earlier order. *See Askins v. U.S. Dep't of Homeland Security,* 899 F.3d 1035, 1042 (9th Cir. 2018) ("The law of the case doctrine does not, however, bar a court from reconsidering its own orders[.]").

Finally, even if this Court were to accept Plaintiffs' argument and analyze the Motion as a motion for reconsideration, (Opp. at 15 (citing *Local 272 Labor-Mgmt. Pension Fund v. Walt Disney Co.*, 2025 WL 1461139 (C.D. Cal. May 20, 2025))),

the Complaint should still be dismissed.  *Sneed*'s application of the Reform Act pleading standards clarified Ninth Circuit law addressing the importance of context at the pleading stage when determining whether a "reasonable investor" would be misled by a challenged statement.  (Mot. at 9-10.)

Plaintiffs' contention that *Sneed* sheds no new light on the analysis is meritless.  The Ninth Circuit rule regarding publication of opinions calls for publication where a decision "[e]stablishes, alters, modifies or clarifies a rule of federal law, or . . . [c]alls attention to a rule of law that appears to have been generally overlooked[.]"  Ninth Cir. R. 36-2(a)-(b).  *Sneed* provides an important clarification of the law governing application of the Reform Act pleading standards in cases where the information allegedly omitted from challenged statements was available to a reasonable investor from other disclosures by a defendant.  Where a published Ninth Circuit decision clarifies existing law—even if it does not overturn previous precedent and, in fact, applies existing Ninth Circuit precedent— reconsideration is warranted.[2]  *See Murphy v. Precision Castparts Corp.*, No. 3:16-CV-00521-SB, 2021 WL 2080016, at *3 (D. Or. May 24, 2021) (granting reconsideration of denial of motion for summary judgment after new Ninth Circuit authority "applied" existing precedent in a manner that clarified legal issue), *aff'd sub nom. AMF Pensionsforsakring AB v. Precision Castparts Corp.*, No. 21-35516, 2022 WL 2800825 (9th Cir. July 18, 2022).

### D.  Plaintiffs' Accusations of "Delay" Are Baseless.

Plaintiffs accuse Defendants of "usurp[ing] the Court's authority" and filing this Motion to "unduly delay discovery."  (Opp. at 4, 17-18.)  Plaintiffs' accusations of delay are baseless.

First, there has been no delay.  Defendants filed this Motion within one month of filing their answer, which closed the pleadings, as permitted by Rule

---

[2] This is, therefore, unlike *Disney,* where the defendants did "not cite any new facts or change in the law that warrant[ed] reconsideration."  2025 WL 1461139, at *1.

12(c).  *See* Fed. R. Civ. P. 12(c) ("***After*** the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." (emphasis added).)  Plaintiffs acknowledge that Defendants have participated in multiple meet-and-confers in preparation for the case management conference scheduled by the Court for November 25, 2025, and that Defendants provided their portion of the draft joint 26(f) status report two weeks before the status report is due to be filed. (Opp. at 17.)  ***Neither party has even propounded discovery requests***.

Second, district courts across the country have held that the filing of a motion for judgment on the pleadings triggers the Reform Act's "automatic" discovery stay provision.  *See, e.g.*, *In re eHealth Inc. Sec. Litig.*, No. 20-cv-02395-JST (LJC), 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023); *Lian v. Tuya Inc.*, No. 22-CV-06792 (JPC) (RFT), 2024 WL 1932623, at *2 (S.D.N.Y. May 2, 2024).[3]  If and when this issue is ripe, the Parties can address it in orderly briefing.  *See In re eHealth Inc.*, 2023 WL 3951178, at *3 (denying motion to compel).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for judgment on the pleadings.

---

[3] In *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025), cited by Plaintiffs, the case was "nearly seven years old" and "the Ninth Circuit ha[d] spoken; Plaintiffs have stated a claim."  In that context, the court permitted the defendants to file their Rule 12(c) motion, but found the Reform Act discovery stay did not apply because "[n]ow that the Ninth Circuit has found some claims to be properly stated, discovery would no longer act as a fishing expedition to salvage a deficient complaint."  *Id.*  That is not the case here, where Defendants' Motion, if granted, would result in dismissal of the Complaint in its entirety.

8

Dated: November 10, 2025

MORRISON & FOERSTER LLP

By: */s/  Jordan Eth*
　　Jordan Eth

*Attorneys for Defendants*
RIVIAN AUTOMOTIVE, INC.,
ROBERT J. SCARINGE, AND CLAIRE
MCDONOUGH

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants Rivian Automotive, Inc., Robert J. Scaringe, and Claire McDonough, certifies that this brief contains 3,072 words, which complies with the word limit of L.R. 11-6.

Dated: November 10, 2025

MORRISON & FOERSTER LLP

By: */s/ Jordan Eth*
Jordan Eth

*Attorneys for Defendants*
RIVIAN AUTOMOTIVE, INC.,
ROBERT J. SCARINGE, AND
CLAIRE MCDONOUGH